CASE 46————————OCTOBER 16.

## Craig, &c. vs. North.

### APPEAL FROM GALLATIN CIRCUIT COURT.

° The viewers of the route for the opening or alteration of a public road must describe the route by metes and bounds, and by courses and distances. A strict compliance with these requisites is indispensable to the validity of their report. Such general indications of the courses as "northwardly," a "northwardly course," "following the general course of said creek northwardly," &c., "crossing said creek *about* one hundred yards from said C.'s line, and *near* the corner of N.'s land," &c., are not sufficient. The report must show what amount of land, as well as its precise locality, is to be taken for the purposes of the road.

J. J. LANDRAM, for appellee, cited *Civil Code, secs.* 887, 879 ; *Rev. Statutes,* (*Stanton's,*) 2d *vol., page* 285, *sec.* 1 ; *Ib.,* 286, *sec.* 4; *Ib.,* 287; *Ib'.,* 294, *sec.* 11; 14 *B. Mon.,* 424.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The statute regulating the opening and alteration of public roads requires the utmost attainable certainty in the description to be given by the viewers of the route of the proposed road or alteration. They are required to describe "the route so laid out, *by metes and bounds*, and by *courses and distances.*" And the reason of this is obvious, from other provisions of the statute. Upon the report of the viewers it is made the duty of the court to award process to summon the proprietors of the lands over which the viewers may propose the road to run, to show cause, if any, against the same. On the return of the summons the court may fix upon a just compensation to the proprietors, and if the latter are willing to accept the amount so fixed, the matter may be determined without a writ of *ad quod damnum*. But how is the proprietor of the land to respond, understandingly, to the summons to show cause, or what is to enable the court to fix upon the just compensation provided for, or how can the proprietor determine whether he should accept the proposed compensation, unless it be shown, by the report, what amount of land, as well as its precise lo-

cality, is to be taken for the purposes of the road? A very slight change in locating the proposed road might materially enhance or diminish the compensation which the court would fix, or the proprietor demand. But furthermore, the proprietor may ask a writ of *ad quod damnum*, under which a jury is required to "meet on the land of the proprietors and tenants over which it is proposed for the road, or the alteration in the road, to run, at a certain time and place," &c., &c., who are to ascertain what will be a just compensation for the land to be taken, the additional fencing that will be rendered necessary, and the damage to the residue of the tract. Without the definite and exact description, by the viewers, of the land proposed to be taken, "by metes and bounds, and by courses and distances" it would be utterly impracticable for the jury to determine the matters thus submitted to them.

The terms of the statute are imperative and unambiguous, and this court has held a strict compliance with it indispensable to the validity of the report of the viewers. In the case of *Wood vs. Campbell*, (14 *B. Mon.*, 425,) it appeared that the viewers had described with reasonable certainty the *metes and bounds* of the route of the road, but had not described it by courses and distances, and this omission was held to be a fatal defect.

The report before us is defective in most if not in all these essential requisites. The viewers have certainly failed to define the route of the proposed alteration, either by courses or by metes and bounds. Some general indications of the courses are given by such vague and indeterminate expressions as "northwardly," "a northwardly course," "following the general course of said creek northwardly," &c.; "crossing said creek *about* one hundred yards from said Craig's lane, and *near* the corner of Tho. Neal's land," &c., &c.

But it is unnecessary to analyze the report further, or to point out the numerous particulars in which it so manifestly fails to come up to the plain requirements of the law. The appellants' exceptions to the report should have been sustained, and the report set aside.

The judgment establishing the alteration must be therefore reversed, and the cause remanded for further proceedings in conformity with this opinion.