LENA L. WATSON *vs.* MARTHA R. WATSON.

Bristol. October 24, 1889. — November 11, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Widow — Assignment of Real Estate in Fee — Vested Remainder.*

Under the Pub. Sts. c. 124, § 3, a widow is not entitled to an estate in fee not exceeding five thousand dollars in value in lands in which the only interest of her husband was a vested remainder.

APPEAL from a decree of the Probate Court dismissing the petition of Lena L. Watson, wife of John W. Watson, deceased intestate, and leaving no issue, for the assignment to her of an estate in fee not exceeding five thousand dollars in value in lands in which he had a vested remainder only, which lands were in the possession of Martha R. Watson as tenant for life. *Holmes*, J., affirmed the decree; and the petitioner appealed to the full court.

*A. J. Jennings*, for the petitioner.

*E. L. Barney*, for the respondent.

C. ALLEN, J. The only interest which the petitioner's husband had in any real estate at the time of his death was a vested remainder in certain lands, now in possession of the respondent as tenant for life; and the question is, whether the petitioner is entitled to an interest therein to an amount not exceeding five thousand dollars, by virtue of the Pub. Sts. c. 124, § 3, wherein it is provided as follows: "A wife shall be

entitled to her dower at common law in the lands of her deceased husband. When her husband dies intestate and leaves no issue living, she shall take his real estate in fee to an amount not exceeding five thousand dollars in value, and shall also be entitled, during her life, to one half of the other real estate of which he died seised." By § 17 of the same chapter it is further provided, that when she is thus entitled to an estate in fee the Probate Court shall "cause such estate in fee to be assigned and set out by metes and bounds, in the same manner as in other partitions of lands of persons deceased," with an exception which is immaterial here.

A widow is not entitled to dower in a vested remainder. *Eldredge* v. *Forrestal*, 7 Mass. 253. *Brooks* v. *Everett*, 13 Allen, 457. Nor could she be entitled to a life estate, under the latter part of the above provision in § 3, because one is not seised of an estate in remainder. The provision under which the petitioner contends that she shall take his real estate in fee, implies that her husband should have had a fee in the estate. The provision for setting out the estate to her, in § 17, implies the same thing. The estate is to be set out to her in fee, which cannot be done when her husband only held a remainder. Nor can one who has only an estate in remainder maintain a petition for partition, (Pub. Sts. c. 178, § 3,) except when the same is merely expectant on a lease. Pub. Sts. c. 178, § 68. *Hunnewell* v. *Taylor*, 6 Cush. 472. There is in § 68 a clear implication that no partition of lands held in remainder shall be made by the Probate Court except in the single case of leased lands. See also Gen. Sts. c. 136, § 67. It is argued by the petitioner, that the reference in the Pub. Sts. c. 124, § 17, to the proceedings in the probate courts, only means to provide for the manner of setting out the lands; that is, that notice shall be given, a hearing had, commissioners appointed, and an agent or guardian assigned for absent heirs or minors. But in view of the fact that it has long been well understood that a widow is not dowable of a remainder, that all the other statutory provisions securing to the survivor an interest in the real estate of a deceased husband or wife are limited to lands of which the deceased was seised, (e. g. curtesy, Pub. Sts. c. 124, § 1,) and that her estate under the provision now in question is to be in fee, and to be set out to her in fee, it

seems to follow that it was not the intention of the Legislature to include an estate held by her husband only in remainder. And looking at the history of this legislation, we find nothing inconsistent with this conclusion.   St. 1854, c. 406, § 1. Gen. Sts. c. 90, §§ 15, 19.   St. 1880, c. 211.

*Decree affirmed.*