CASE 109—PETITION EQUITY—OCTOBER 3.

# Young, &c., v. Morehead, &c.

APPEAL FROM ALLEN CIRCUIT COURT.

1. CONSTRUCTION OF DEVISE.—Immediately following a devise by a testator to his wife of "one-third" of his entire estate, real and personal, were the words: "That is, she is to have all the land during her life." By the next clause of the will the testator gave to his son "the remaining two thirds" of his estate, and by subsequent clauses provided, in the event of his son's death in infancy, his part was to go to his mother, and that at the death of the mother "all her aforesaid part" was to go to the son. Held—That the widow took a life

Young, &c., v. Morehead, &c.

estate in all the land owned by the testator, and not merely in one-third.

2. DOWER AND HOMESTEAD.—The remainderman having died before the life tenant, his widow is not entitled to dower or homestead.

LEWIS McQUOWN FOR APPELLANTS.

1. The widow took one-third of the land for life, and the son two-thirds in fee.

Where two clauses of a will, or two devises in a will, are repugnant, the clause which is posterior in local position must prevail. (Howard v. Howard, 4 Bush, 497.)

Where it is manifest that by reason of an omission the testator has not expressed himself as he intended to do, and it is certain beyond reasonable doubt what particular words were omitted, the omitted words may be supplied and the intention of the testator thus effectuated. (Aulick v. Wallace, 12 Bush, 535–6; 2 Jarman, pp. 60, 61.)

In the will in question here the omitted words are in substance, "devised to her," following immediately after the words, "all the land."

W. E. SETTLE AND JOHN E. DuBOSE FOR APPELLEES.

1. The widow of Alexander Stephens took all the lands for life and one-third in fee.

2. The appellant is not entitled to dower or homestead. (Butler, &c., v. Cheatham, 8 Bush, 594.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

If, under the will of Alexander Stephens, who died in Allen county in 1852, his widow took an estate for life in his realty, then the son of the testator, who died before the widow, was not seized of any part thereof, and his (the son's) widow is not entitled to homestead or dower. If, however, the widow took an estate in only one-third of the realty and the son took the remaining two-thirds, as he lived on the land with his mother, his widow would be entitled at any rate to dower if not to a homestead. The will, after some preliminaries not necessary to notice, and omitting the fifth clause appointing an executor, is as follows:

"*Secondly.* That I give and bequeath to my beloved wife, Mary Catharine, one-third of my entire estate, real and personal—that is, she is to have all the land during her life.

"*Third.* I give and bequeath to my son, James Crittenden, the remaining two-thirds of my estate.

"*Fourth.* If, in the event of my son's death in infancy, my will is, that his part go to his mother.

"*Sixth.* My will is, at the death of my wife, Mary C., then all her aforesaid part to go to my son, James Crittenden."

The appellants, who were the plaintiffs below, are the widow of James C. Stephens, son of the testator, and her present husband, Thomas L. Young. They insist that the widow of the testator, Mary Catharine, took an estate for life in only one-third of the estate. That this is shown in the succeeding clause giving the son "the *remaining* two-thirds." That the words "that is, she is to have all the land during her life," are words reducing or restricting the devise of one-third that stood as one in fee to a life estate. That the sentence was intended to read: "I give to my wife one-third of my entire estate, real and personal, but she is to have the land thus devised to her during her life only;" and that such must be the construction, if effect be given to the devise to the son of "the remaining two-thirds of the estate," a devise importing an immediate taking by him in fee.

However plausible this may seem and is, we are constrained to think that the words, "she is to have *all the land during her life*," mean just what they say. Having given her one-third of the estate, real

and personal, he remembers the infancy of his son, his dependence on his mother, and the fact that upon her will devolve his care and oversight, he *enlarges* his seeming original intention, and provides that she is to have *all* the land during her life.   This gives her a home and the small farm of some one hundred and forty acres on which to sustain herself and son.

The remaining two-thirds given the son consist, necessarily, of two-thirds of the personal estate and is taken absolutely.   It is all that is left.   That which *remains* is what is left after the wife gets what is specifically given her.   He gets two-thirds of the estate "remaining" undisposed of.   Should the son die in infancy, "his part," which is two-thirds of the personalty, is given the mother, and upon her death, according to the sixth clause, her part goes to the son—in accord with the construction giving her a life estate with remainder to the son should he survive her. The son intermarried with the appellant, and died before coming into possession of this remainder interest, and hence she is entitled to neither dower nor homestead.

The only difficulty we have in adopting this construction lies in the fact that by it we restrict the devise to the son in the third clause to an interest only in two-thirds of the personalty; but when we consider the sixth clause in connection with it, giving him the whole after her death, we think the meaning of the testator becomes reasonably plain.

The suggestion is not without force that by the second clause the widow took one-third the land in fee, but was to have the whole land during life.   Then

the "remaining two-thirds" of the estate would consist of realty and personalty, though the son would take the realty subject to the life estate of his mother. The sixth clause, however, giving the whole of the wife's part to the son at her death, is inconsistent with her taking one-third in fee, unless, as suggested by counsel, the testator was making provision for the disposition of the wife's part in case of her death before his own, which is not improbable.

The only question here, however, is whether the widow took a life estate in the whole. The express words to that effect it seems to us must control, even though they be not perfectly reconcilable with the supposed meaning of some other clause.

Judgment affirmed.