### Anna E. Baker *vs.* Lovell Baker.

Worcester.    October 2, 1896. — February 25, 1897.

Present: Field, C. J., Holmes, Knowlton, Lathrop, & Barker, JJ.

*Widow — Assignment of Real Estate in Fee — Reversion.*

Under the Pub. Sts. c. 124, § 3, a widow is not entitled to an estate in fee not exceeding five thousand dollars in value in lands in which the only interest of her husband was a reversion.

Appeal by the father of John L. Baker, who died intestate without issue living at the time of his decease, from a decree of the Probate Court assigning to the petitioner, the widow of the intestate, his real estate to an amount not exceeding five thousand dollars in value.  The respondent was in possession of the real estate as tenant by the curtesy, and the only interest of the intestate at the time of his decease was a reversion.

*Barker*, J. reserved the case for the consideration of the full court.

*C. M. Rice*, (*H. W. King* with him,) for the respondent.

*H. Parker*, (*F. E. Gunnison* with him,) for the petitioner.

LATHROP, J.   On the principal question argued, we do not see that the case before us differs in any essential particular from *Watson* v. *Watson*, 150 Mass. 84.   In that case it was held that, under the Pub. Sts. c. 124, § 3, a widow was not entitled to an estate in fee not exceeding five thousand dollars in lands in which the only interest of her husband was a vested remainder.   The only difference between that case and this is that here the interest of the husband was a reversion, inasmuch as he took by descent, subject to the right of curtesy of his father.

The estate taken by reversion in the case at bar, as well as that taken by the remainderman in *Watson* v. *Watson*, was undoubtedly a vested and an alienable estate.   *Russell* v. *Hoar*, 3 Met. 187.   *Miller* v. *Miller*, 10 Met. 393, 399.   *Brooks* v. *Everett*, 13 Allen, 457.   *Allen* v. *Libbey*, 140 Mass. 82.   But if such an estate does not entitle the widow of a remainderman to have land set off to her, under the provisions of the Pub. Sts. c. 124, the widow of a reversioner is not entitled to any greater right.

The petitioner further contends that, as Lovell Baker joined in the deed of his wife to release his inchoate right of curtesy, he has no such right remaining, and no outstanding freehold estate.   But the conveyance was only a mortgage, and as against every one but the mortgagee created only a charge upon the estate.   *Bradley* v. *Fuller*, 23 Pick. 1, 9.   *Ewer* v. *Hobbs*, 5 Met. 1, 5.   *Norcross* v. *Norcross*, 105 Mass. 265.

*Decree reversed ; petition dismissed.*