ELLEN HILL *vs.* HERMIONE A. PIKE & others.

Essex. November 9, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Widow — Assignment of Real Estate in Fee — Vested Remainder.*

Under Pub. Sts. c. 124, § 3, a widow is not entitled to an estate in fee not exceeding five thousand dollars in value in lands in which the only interest of her husband was a vested remainder.

APPEAL from a decree of the Probate Court dismissing the petition of Ellen Hill, widow of Charles G. Hill, deceased, intestate and leaving no issue, for the assignment to her, under Pub. Sts. c. 124, § 3, of an estate in fee not exceeding $5,000 in value in lands in which he had a vested remainder. Hearing before *Morton,* J., who reserved the case on the petition, answer, and agreed facts for the consideration of the full court.

The agreed facts recited that Abner Hill died on January 1, 1874, leaving a widow, Martha A. Hill, and four children, Charles G. Hill, Edward L. Hill, Henry M. Hill, and Hermione A. Pike; that by the terms of his will he bequeathed all his personal property to his widow, Martha, and devised his real estate as follows:

" Third. I give, devise, and bequeath to my said wife, Martha A. Hill, the income, use, and improvement of all my real estate, for and during her natural life, with full power to sell and dispose of so much of the said real estate in fee simple, as may be necessary for her support, if the income does not prove sufficient " ; that one fourth of the real estate was of less value than $5,000; that Martha A. Hill died on March 27, 1898, not having conveyed any part of the real estate ; that Charles G. Hill died on August 1, 1896, and the petitioner was appointed administratrix of his estate; that Charles G. Hill left no real estate except his interest, if any, under said will ; and that the three other children were living, and were the respondents.

*E. T. McCarthy,* for the petitioner.

*A. P. White,* for the respondents.

HOLMES, C. J. This case is covered by *Watson* v. *Watson*, 150 Mass. 84, and *Baker* v. *Baker*, 167 Mass. 575. *Marsh* v. *Hoyt*, 161 Mass. 459, cannot be regarded as authority for allowing a wife to claim five thousand dollars' worth of land out of real estate in which her husband had only a remainder at his death. In that case the form of proceeding was a bill by trustees for instructions, and the only question discussed was whether the remainder given to the deceased wife was vested or contingent. It concerned personal as well as real property. The remainder had vested in possession when the petition was brought, and its condition at the death of the wife was not called to the attention of the court.                                    *Petition dismissed.*