McGuire v. Cook.

Opinion delivered March 6, 1911.

1. DOWER—SEISIN AT COMMON LAW.—In order to constitute seisin in the husband, which is essential to support dower at common law, it was necessary that there should have been an actual corporeal seisin or the immediate right to such seisin during coverture. (Page 121.)

2. DOWER UNDER THE STATUTE—NECESSITY OF SEISIN.—Under Kirby's Digest, § 2709, providing that "if a husband die, leaving a widow and no children, such widow shall be endowed in fee simple of one-half of the real estate of which such husband shall die seized," it is necessary that there should be an actual corporeal seisin in the husband during coverture to entitle the widow to such dower. Thus a widow is not entitled to dower in realty wherein her husband had only an estate in remainder or reversion unless the particular estate terminated during the coverture. (Page 122.)

3. MERGER—DISTINCT ESTATES.—The merger of two distinct estates will not occur if one is acquired by purchase and the other by right of the purchaser's wife since they are held in different rights. (Page 123.)

4. DOWER—SEISIN OF HUSBAND.—Where a husband died intestate and dower was assigned to his widow in certain lands, and subsequently upon her remarriage her second husband purchased the reversion in the dower lands, and died before the wife, the second husband never had seisin of the lands, such as would support the wife's claim of further dower as his widow. (Page 124.)

Appeal from Independence Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Sam M. Casey, J. W. & J. M. Stayton,* and *Morris M. Cohn,* for appellant.

Mrs. Ewing was entitled to an undivided half of all the real estate of her husband, and this included the land in controversy. Kirby's Dig. § 2709; 11 Ark. 212; 1 Pet. 585; 9 Cow. 73; 138 Cal. 69; 137 Cal. 354; 33 Ark. 436; 14 Ark. 489; 63 Ark. 625. The word "seizin" means ownership. 105 N. Y. 585; 16 Wall. 352; 12 R. I. 560; 15 R. I. 428. Dr. Ewing acquired the land by his marriage. 38 Ark. 91; 39 Ark. 434; 88 N. C. 312. And no one but Mrs. Ewing could complain. 33 Md. 85; 7 H. & N. 507. The claim is not barred by limitation. 30 Ark. 640; 45 Ark. 81; 48 Ark. 277; 65 Ark. 422.

*McCaleb & Reeder* and *Moore, Smith & Moore,* for appellee.

Dr. Ewing was not seized of the land in controversy. 46 N. E. 391; 34 N. E. 254; 22 N. E. 438. And Mrs. Ewing was

not entitled to dower.  64 N. E. 267; 55 N. E. 324; 23 S. W. 511; 23 S. W. 507; 66 S. W. 1043; 43 S. W. 655; 2 Atl. 884; 32 Am. D. 633.  There was no merger.  4 Rich. Eq. 80; 29 Ga. 374; 74 Am. D. 68; 33 Am. D. 201; 7 Allen, 196; 83 Am. D. 676; 29 Pa. 260; 72 Am. D. 629; 53 Ark. 403; 22 Ark. 19; 44 Ark. 270; 59 Ark. 333.  Rules of law affecting property rights should not be changed unless by the Legislature.  29 Ark. 660; 30 Ark. 414; 52 Ark. 341; 49 Ark. 411; 55 Ark. 192; 43 Ark. 513; 50 Ark. 333; 61 Ark. 42.

FRAUENTHAL, J.  This was an action instituted by Laura C. Ewing, the original plaintiff below, to establish and quiet her title in fee simple to an undivided one-half of a block of land situated in the city of Batesville.  She claimed title thereto as the widow of David C. Ewing, who had obtained title to a reversionary interest in the land as a new acquisition, and who had died without issue and without creditors.  She died during the pendency of the suit, and the cause was revived in the names of her heirs.  The defendant claimed title to the land by purchase from the collateral heirs of David C. Ewing.  He alleged that David C. Ewing had obtained and only owned at the date of his death a reversionary interest in said land, and that he had never been seized thereof, and for that reason his widow was not entitled to an undivided one-half thereof in fee.  The pleadings and testimony present the following facts:  The land in controversy was originally owned by Thomas Cox, a former husband of Laura C. Ewing, who died intestate in 1871 the owner of the above and other lands.  The land in controversy was duly set apart to his said widow as her dower interest in his lands by an order of court duly approved in 1875.  On July 2, 1874, Laura C., the widow of Thomas Cox, married D. C. Ewing, and she and her said second husband lived upon and occupied said land as their joint homestead until his death on July 2, 1898; and she continued to occupy and reside on same until her death in 1909. It appears that letters of administration were taken out upon the estate of said Thomas Cox, and that soon after the land involved in this suit had been assigned and set apart to his widow as dower the reversionary interest therein was sold by the administrator of said estate in order to pay its debts.  At such sale D. C. Ewing became the purchaser thereof; and upon confirmation of said

sale he obtained proper deed therefor. Under and by virtue of said sale the said administrator of Thomas Cox conveyed to D. C. Ewing "the reversionary interest" in said land. D. C. Ewing died intestate and without direct heirs, but leaving collateral heirs who in 1905 sold and conveyed said land to the defendant.

The question involved in this case is what interest accrued to Mrs. Laura C. Ewing in the above named land upon the death of her husband who had newly acquired in his life and at his death owned a reversionary interest therein. By section 2709 of Kirby's Digest it is provided:

"If a husband die, leaving a widow and no children, such widow shall be endowed in fee simple of one-half of the real estate of which such husband shall die seized, where said estate is a new acquisition and not an ancestral estate; and one-half of the personal estate absolutely and in her own right, as against collateral heirs, but, as against creditors, she shall be endowed with one-third of the real estate in fee simple if a new acquisition, and not ancestral, and of one-third of the personal property absolutely. Provided, if the real estate of the husband be an ancestral estate, she shall be endowed in a life estate of one-half of said estate as against collateral heirs, and one-third as against creditors. Act March 24, 1891."

The title which the appellants, who were the plaintiffs below, claim that Mrs. Ewing had to the land is based upon rights thereto obtained by her as the widow of D. C. Ewing. The interest which the widow possesses in the lands of her deceased husband is known as dower. If he leaves children or creditors, then the widow "shall be endowed of a third part of all lands whereof her husband was seized of an estate of inheritance at any time during marriage." Kirby's Digest, § 2687. But if he leaves no children and no creditors, then the widow "shall be endowed in fee simple of one-half of the real estate of which such husband died seized, where said estate is a new acquisition." Kirby's Digest, § 2709.

Provision is made for her by these statutes in the way of dower in the lands or real estate of her deceased husband under the contingencies of his leaving or not leaving children and creditors; under both contingencies she "shall be endowed" of the land or real estate, and those requisites that are necessary to

consummate a widow's right of dower are made applicable to the estate she obtains by these two provisions of the statutes in either contingency. In each case there must be a valid marriage, seisin of the husband and his death. In the one case he must be seized of an estate of inheritance during coverture; in the other contingency he must die seized of the real estate. The extent of her interest or estate in her deceased husband's land is only made different by virtue of these two provisions of the statute, but under each provision she obtains only an estate to the consummation of which the incidents that are requisite to constitute dower are necessary.

By this enactment we do not think the Legislature intended to create in the widow an estate in her deceased husband's lands different in any essential from the estate of dower known at the common law, except as therein expressly provided. At common law it was essential that the husband should have been seized in possession during coverture in order to entitle his widow to dower in his land. The seisin of her husband was an indispensable prerequisite to entitle the widow to such dower, and an outstanding freehold estate in another before marriage destroyed her claim. Mr. Washburn says: "The husband must have been seized of the premises at some time during coverture" (1 Washburn on Real Property, (6 ed.), § 390) ; and further he says that if the husband has only a reversion or remainder after a freehold estate in another, though it be a fee, it will not give to his wife a right of dower therein unless by the death of the intermediate freeholder or the surrender of his estate to the husband. 1 Washburn on Real Property, § 183. In order to constitute seisin, it was necessary that there should be an actual corporeal seisin or the right to make such immediate seisin in the husband during coverture to entitle the widow to dower. *Gentry* v. *Woodson,* 10 Mo. 224. Where there is a life tenant, and the husband has only a remainder or reversion in the land, the seisin is in the life tenant; and therefore dower does not attach to realty in which the husband has only an interest in remainder or reversion, unless the particular estate terminates during the coverture. 14 Cyc. 906; 10 Am. & Eng. Ency. Law 134; *Eldredge* v. *Forrestal,* 7 Mass. 253; *Baker* v. *Baker,* 46 N. E. 391; *Watson* v. *Watson,* 22 N. E. 438; *Young* v. *Morehead,* 23 S. W. 511; *Carter* v.

*McDaniel,* 23 S. W. 507; *Payne* v. *Payne* (Mo.) 24 S. W. 782.

The same character of seisin that was required by the common law in the husband is required by our statute in order to entitle the widow to dower. In *Tate* v. *Joy,* 31 Ark. 576, this court said: "Seisin is either in deed or in law; seisin in deed is actual possession; seisin in law, the right to immediate possession. Unless such seisin existed during coverture, there can be no dower because it is an indispensable requisite to her right to dower, so declared by statute."

It is urged that the provisions of section 2709 of Kirby's Digest upon which the claim of the widow to the land herein is based differ materially from the provisions applicable to common law dower and to the dower created by section 2687 of Kirby's Digest. It is conceded that under the provisions of section 2687 of Kirby's Digest seisin of the husband during coverture is necessary to entitle his widow to dower.

It is claimed that under the provisions of that section the widow is entitled to dower only in "lands whereof the husband was seized of an estate of inheritance at any time during marriage;" and the dower thus given is an estate only for life and of one-third; while under the provisions of section 2709 the widow is given one-half of his "real estate." It is contended that the term "real estate," as thus used in the latter section, is more comprehensive than the expression "lands whereof the husband was seized of an estate of inheritance," and includes every interest in land which the husband owned at the time of his death, and that it was the intention of the Legislature by this latter enactment not to create the technical common-law estate of dower, but to provide for the devolution and division of the entire real property owned by the decedent at the time of his death. And to sustain this contention we are cited to the cases of *Cate's Appeal,* 79 Pa. St. 235, and *Green* v. *Huntington,* 73 Conn. 106, construing respectively statutes of Pennsylvania and Connecticut which it is claimed contain provisions similar to section 2709 of Kirby's Digest. But we think the statutes of those States are quite dissimilar from our statute on this question. Those statutes either provide that the widow shall take a certain proportion of the deceased husband's land, without any qualification, or of such land of which the husband died possessed in his

own right. The statute in this State, on the other hand, provides that the widow "shall be endowed in fee simple" of a portion of the real estate, and also expressly limits same to the real estate "of which the husband shall die seized." We think that under these express provisions it was manifestly intended that the requisites necessary to constitute dower at common law were also necessary to constitute the estate created by this statute. In the case of *Tate* v. *Joy*, 31 Ark. 576, it was said that seisin was an indispensable requisite to entitle the widow to dower under the provisions of section 2687 of Kirby's Digest because it was so declared by that statute. Likewise, we think that seisin of the husband is a necessary requisite under section 2709 of Kirby's Digest to entitle the widow to the dower therein provided, because it is so declared by that statute, which says that she shall be endowed of a certain portion of the real estate "of which the husband shall die seized." *Watson* v. *Watson,* 22 N. E. 438; *Carter* v. *McDaniel,* 23 S. W. 507.

In the case at bar the husband was the owner of a reversionary interest in the land involved in this suit at the time of his death, and during his life another was the owner of a particular freehold estate therein. His right of possession of the land was postponed by this life estate until his death so that he did not have seisin thereof, either in fact or in law, and did die seized thereof. His widow was therefore not entitled in fee simple to one-half of this reversionary interest of the husband in the land.

It is next contended that David C. Ewing at the time of his marriage to Laura C. Cox on July 2, 1874, obtained a freehold interest in the land by virtue of his marital relation. It is urged that at the date of said marriage, which was prior to the adoption of the Constitution of 1874, he took all the rights which the common law gives a husband in the lands of his wife, and that at common law the husband by marriage acquired the right to possession and the rents and profits of his wife's land during coverture, which was a freehold estate. In this connection it is urged that the particular estate of a freehold character thus obtained by him in the land of his wife merged the title completely in himself when he thereupon obtained the reversion in fee to the land. But, in order to constitute a merger of two distinct estates, these estates must meet in one and the same person at the same

time and in the same right.   Before there can be a merger of one estate in another, both estates must be owned not only by the same person but in the same right.   The merger of the two estates will not occur if one is acquired by purchase and the other by right of the wife, because they are held in different rights. 3 Cruise, Dig., tit. 30, C 9, § 1 ; 16 Cyc. 667 ; *Johnson* v. *Johnson,* 7 Allen 196 ; *Pratt* v. *Bank of Bennington,* 10 Vt. 293 ; *Pool* v. *Morris,* 29 Ga. 374.

In the case at bar if David C. Ewing acquired any interest in the dower estate of his wife in the land by reason of his marriage to her, that interest would cease upon his death, and the dower estate of his wife would still exist if she outlived him. His interest in the land acquired by the marital relation, if any, was in a right entirely distinct from that which he acquired by purchase of the reversion.   The two estates did not merge, but remained separate.   If he had possession of the land by reason of any interest which he obtained by virtue of his marriage to the widow who owned the dower in the land, his possession would be solely attributable to and in that right, and it would not be a possession by virtue of his reversionary interest, and therefore would not be a seisin under that estate.   But we do not think that Ewing obtained any interest or estate in his wife's land by reason of his marriage to her.   The marriage of Ewing occurred subsequent to the passage of the married woman's enabling act, which was enacted on April 28; 1873.   By that act it is provided that the property, both real and personal, of a married woman and the rents and profits of her land shall be and remain her sole and separate property free from the interference and control of the husband.   Kirby's Digest, § 5213.   This act abrogated the common-law rights of the husband in the wife's land during her life, and therefore Ewing did not, by virtue of his marriage in 1874, obtain any interest, of freehold or otherwise, in his wife's land.   It follows that D. C. Ewing only owned a reversionary interest in the land involved in this case, and owned only that interest at the date of his death.   During all the time he owned the reversionary interest, there was the interposition of a life estate which prevented that necessary seisin to entitle his widow to a dower therein.   He did not die seized of the land, and his widow was not entitled for that reason to one half thereof in fee.

The chancellor entered a decree dismissing the complaint for the want of equity, and that decree is affirmed.