### Maxwell v. Awtrey.

Opinion delivered December 12, 1921.

1. Dower—jurisdiction to award.—The jurisdiction of equity to award dower is not taken away by the statutory remedies at law.

2. DOWER—ASSIGNMENT.—Under Crawford & Moses' Dig., § 3536, providing that, if a husband die leaving a widow and no children, such widow shall be endowed in fee simple of one-half of the real estate of which such husband died seized where said estate is a new acquisition and not an ancestral estate, *held,* that no adjudication of a court is necessary to establish the widow's right to such estate.

3. EXECUTORS AND ADMINISTRATORS—PAYMENT OF DEBTS.—Where a widow, who was administratrix of her husband's estate, and entitled to dower in fee simple in one-half of her husband's real estate, agreed with his mother, as his sole heir, to exchange deeds to such half interest, which agreement was carried out, the widow-administratrix was not estopped thereby from procuring an order of sale of the mother's interest to pay debts of the estate.

Appeal from Montgomery Chancery Court; *J. P. Henderson,* Chancellor; reversed.

### STATEMENT OF FACTS.

Isaac L. Awtrey brought this suit in equity against Laura O. Maxwell, as administratrix of the estate of Henry Maxwell, deceased, to enjoin her from selling the lands of said estate under orders of the probate court of Polk County, Arkansas, to pay the debts probated against said estate.

Henry Maxwell died intestate in Polk County, Ark., in May, 1918, owning certain personal property in that county and certain real estate in Montgomery County, Ark. He left surviving him Laura O. Maxwell, his widow, and Mary A. Free, his mother, as sole heir at law. Letters of administration were duly issued to his widow, Laura O. Maxwell, by the probate court of Polk County and she is still acting as such administratrix. Claims to the amount of $800 were duly probated and allowed against said estate. There were no children, and Mary A. Free, the mother, became the sole heir at law of Henry Maxwell, deceased. She instituted suit in the chancery court of Montgomery County against Laura O. Maxwell to have dower alloted to her as widow, and Laura O. Maxwell was duly served with process in the case.

Laura O. Maxwell, the widow, lived in Polk County, Ark., and Minor Pipkin, her attorney in the dower suit, lived at Mena in said county. Isaac L. Awtrey was the attorney of Mary A. Free. While in Mena, Awtrey consulted with Pipkin with regard to a settlement of the dower suit. Pipkin consulted with the widow and a division of the property of the estate of Henry Maxwell, deceased, was agreed upon.

According to the testimony of Isaac L. Awtrey, while in Mena he consulted with Minor Pipkin with regard to the settlement of the dower suit. After consultation with Mrs. Free, Awtrey told Pipkin that Mrs. Free would accept as her part or interest in the estate of Henry Maxwell, deceased, a certain farm in Montgomery County, Ark. Pipkin, after consultation with Mrs. Maxwell, agreed to this proposition. It was agreed that Mrs. Maxwell should execute a quitclaim deed to Mrs. Free to one of the farms belonging to the estate of Henry Maxwell, deceased, and Mrs. Free should execute a similar deed to Mrs. Maxwell to the other belonging to said estate. Mr. Pipkin got a description of the land belonging to the Henry Maxwell estate from Mrs. Maxwell, and, being called away from his office on business, asked Awtrey to write the deeds. Awtrey wrote the deeds, and they were duly acknowledged by the parties and delivered.

According to the testimony of Laura O. Maxwell and Minor Pipkin, after consultation they reached an agreement with Isaac L. Awtrey to settle the dower suit then pending in the chancery court in Montgomery County where the lands of the estate of Henry Maxwell, deceased, were situated. There were two farms situated in Montgomery County belonging to said estate, and it was agreed between the parties that Mrs. Maxwell should have one of them as her dower and Mrs. Free the other as heir at law. To carry out their agreement, it was agreed that Mrs. Free should execute a quitclaim deed to Mrs. Maxwell to the land which was intended to

be her dower, and Mrs. Maxwell should execute a quit-claim deed to Mrs. Free to the remaining land to show that she had no claim of dower therein. It was agreed that the dower suit should be dismissed.

Mrs. Free conveyed to Isaac L. Awtrey a one-half interest in the land conveyed to her by Mrs. Maxwell for his fee in the dower suit. Subsequently Mrs. Maxwell ascertained that the personal property belonging to her deceased husband's estate was insufficient to pay the debts probated against it. Thereupon Mrs. Maxwell as administratrix filed her petition in the probate court asking for the sale of the real estate belonging to her deceased husband's estate for the payment of the debts probated against his estate, and under the orders of the probate court she proceeded to sell the land which she had deeded to Mrs. Free as sole heir at law of her deceased husband. Isaac L. Awtrey, the grantee of Mrs. Free to an undivided one-half interest in said lands, resisted the sale on the ground that the deed from Mrs. Maxwell to Mrs. Free conveyed the dower interest of the former to the latter, and that the lands were not therefore subject to the payment of the debts of said estate. Hence this lawsuit.

The chancellor found the issues in favor of the plaintiff Awtrey and a decree was entered accordingly. Mrs. Maxwell, the defendant, has duly prosecuted an appeal to this court.

*Minor Pipkin,* for appellant.

The widow and the heir had the right to settle the only thing involved in the suit instituted by the heir, *i. e.,* the assignment of the widow's dower, and to settle it in the manner they did; and thereby they settled "their respective rights in said estate," the part going to the widow being one-half in value of the lands of the estate, in fee simple, free of the debts of the estate, and that part going to the heir being one-half, subject to the debts of the estate.

*Isaac L. Awtrey, pro se.*

Appellant's testimony shows that dower was all the interest she had in the land she conveyed to the heir, and that that was the interest she intended to convey. She had the right to convey her dower interest to the heir. 84 Ark. 557; 116 *Id.* 405; 127 *Id.* 106.

Hart, J., (after stating the facts). The decision of the chancellor was wrong. It was the duty of Mrs. Free as sole heir at law of her deceased son to allot dower to his widow in the lands belonging to his estate. She proceeded to do this by bringing a suit for that purpose in the chancery court of Montgomery County where the lands were situated and making the widow a defendant thereto. The suit was an appropriate one. The original equity jurisdiction over the subject of dower has never been doubted, and it has been uniformly held in this State that the statutory remedies for the allotment of dower do not exclude courts of equity from their jurisdiction in the premises. *Johnson* v. *Johnson,* 84 Ark. 307, and cases cited.

The heir at law and the widow had the right to settle their respective interests in the estate of Henry Maxwell, deceased, and to carry out their agreement by the execution of deeds to the lands which each of them was to receive. The issue involved in the case pending in the chancery court of Montgomery County was the allotment of dower to the widow by the heir. Two farms belonging to the decedent's estate were situated in Montgomery County. It was agreed between the parties that Mrs. Maxwell, the widow, should receive one of these farms as dower, and that Mrs. Free, the mother and sole heir at law, should receive the other as her distributive share of the estate. The farm deeded by Mrs. Free to Mrs. Maxwell became her dower, and Mrs. Maxwell executed a deed to Mrs. Free to the other farm, not for the purpose of conveying to Mrs. Free her dower interest in the land, but for the purpose of showing that she had been allotted dower in the land which had been

deeded to her and made no claim to dower in the land which she conveyed by quitclaim deed to Mrs. Free.

There were no children, and the real estate owned by Henry Maxwell at the time of his death was a new acquisition. Under the statute Mrs. Maxwell, as his widow, became endowed of one-half of the lands as dower, and no adjudication of a court was necessary for that purpose. *Kendall* v. *Crenshaw,* 116 Ark. 427.

The suit in the chancery court by Mrs. Free against Mrs. Maxwell to assign dower was for the purpose of setting apart to Mrs. Maxwell the portion of the lands which the statute gave her as dower, and the parties accomplished this purpose by the execution of the quitclaim deeds to each other. The deed from Mrs. Free to Mrs. Maxwell was to show what lands had been allotted to the latter as dower by the former as heir. The quitclaim deed from Mrs. Maxwell to Mrs. Free was for the purpose of showing that dower had been allotted to Mrs. Maxwell and that she made no claim to dower in the lands which she deeded to Mrs. Free. Of course, this might have been accomplished by other means, but the one adopted by the parties was an appropriate one for that purpose.

It follows that the chancery court erred in enjoining the administratrix from selling the lands in question to pay the debts of her decedent's estate, and for that error the decree will be reversed and the cause remanded with directions to dismiss the complaint of the plaintiff for want of equity.