SMITH *v.* GOLDBY.

Opinion delivered January 17, 1927.

1. DOWER—NEWLY ACQUIRED ESTATE.—Where a husband died leaving a widow and no children, her dower interest in one-half of her husband's newly acquired real property vests immediately on his death, under Crawford & Moses' Dig., § 3536, and, in the absence of assignment by her, will descend to her heirs on her death, while the other half descends to the collateral heirs of the husband, subject to her homestead right.

2. DESCENT AND DISTRIBUTION—RIGHT OF SURVIVING WIFE.—Where an only child died before the husband, the surviving wife did not, as the child's heir, inherit the whole of the husband's land on his death, as there was no title to pass through the child.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

*Allyn Smith,* for appellant.

McCULLOCH, C. J. J. S. McCluskey was the owner of the land in controversy, and he died in the year of 1915, leaving surviving his widow, Alpha C. McCluskey, and his sister, Mary Salino Goldby, as his sole heir at law. There had been a child, the issue of the intermarriage of J. S. McCluskey and Alpha C. McCluskey, but the child died before the death of its father, and there were no lineal descendants of J. S. McCluskey living at the time of his death. The land constituted the homestead of J. S. McCluskey, and it was occupied by his widow as a homestead until the time of her death, which occurred in the year 1923. There was never an assignment of dower during the lifetime of the widow. After her death, this action was instituted by the appellants, who were the sisters of Alpha C. McCluskey, against the appellee, Mary Salino Goldby, to recover, as such heirs, the whole of the land left by J. S. McCluskey. The contention of appellant is that the widow inherited the land from her deceased husband, and that the inheritance inured to the collateral heirs of the widow upon her death.

It seems to have been conceded below that the land in controversy was a new acquisition by J. S. McCluskey, and not an ancestral estate, that it constituted his homestead, and that the widow was entitled to hold the same for life as the homestead, and was also entitled to an undivided one-half of the land in fee simple as dower, pursuant to the statute (§ 3536, Crawford & Moses' Digest), and that this interest passed to the collateral heirs of the widow upon her death.

The section of the statute quoted above provides, in substance, that, if a husband dies leaving a widow and no children, the widow shall, as against collateral heirs, be endowed of one-half in fee simple of real estate which was a new acquisition and not an ancestral estate. This court has held that the interest of the widow, under the dower statute, vests in her immediately on the death of

the husband, and will, without assignment, descend to her heirs. *Barton* v. *Wilson,* 116 Ark. 400, 172 S. W. 1032; *Arbaugh* v. *West,* 127 Ark. 98, 192 S. W. 171; *Maxwell* v. *Awtrey,* 151 Ark. 85, 235 S. W. 384.

The court below, in its decree, awarded one-half of the land to the appellants as collateral heirs of the widow, but overruled the prayer for recovery of the other undivided half. The ruling of the court was correct, for the widow took only an undivided one-half as dower. She took nothing by inheritance, the other one-half descending to the collateral heirs of the husband, subject to the widow's homestead rights.

Counsel for appellants claim that the whole of the land was inherited by the widow under our statutes of descent and distribution (Crawford & Moses' Digest, 3471 *et seq*). This claim is based upon the theory that the inheritance came to the widow through the deceased child, but the answer is that the child, having died before either of the parents, could not inherit, therefore there was no title to pass through the child to the widow.

The decision of the trial court was correct, and must be affirmed. It is so ordered.