BINGHAM *v.* RHEA.

4-6076                                                    143 S. W. 2d 1087

Opinion delivered October 28, 1940.

*Oscar E. Ellis,* for appellant.

*Northcutt & Northcutt,* for appellee.

MEHAFFY, J. This action was instituted in the Fulton chancery court by Lula Rhea and Sarah Lee Rhea by her next friend and guardian, Lula Rhea, alleging that Sarah Lee Rhea owned an undivided one-third interest in the property described by reason of being an heir of Oscar L. Rhea, deceased, who was her father and the owner of said property at the time of his death; that J. F. Bingham owned an undivided one-third interest by reason of a deed to him by Orion R. Rhea, another of the three children of Oscar L. Rhea; that Lula Rhea was the owner of another undivided one-third interest by reason of a deed to her by Walter P. Rhea, the other child and heir of the said Oscar L. Rhea. It was further alleged that Lula Rhea, as a widow of said deceased, Oscar L. Rhea, was, in addition to her said one-third interest, entitled to dower therein. There was a prayer for the sale of the land and division of the proceeds between the parties. Oscar L. Rhea, who owned the land, died February 23, 1925.

J. F. Bingham on the same day the complaint was filed, filed answer to the petition of appellees in which he denied that Lula Rhea was entitled to dower, because her right to such, if any, had been barred by the statute of limitation and he alleged that such right of dower, if any, was a life interest and she was now seeking an absolute interest and that she had, by having taken a deed from Walter P. Rhea, waived and lost her right of dower; and alleged that the court could not now in this proceeding assign her dower. The answer admitted that the parties plaintiff and defendant own an undivided one-third interest in the lands, but it is alleged that the interest of Lula Rhea and Sarah Lee Rhea were subject to the rights, title and interest of J. F. Bingham, it being alleged that soon after the death of Oscar L. Rhea, Orion R. Rhea, one of his heirs, was appointed administrator of the estate of Oscar L. Rhea and acted as such, and as such leased the lands involved to J. F. Bingham, who went into possession thereof with the distinct understanding and provision that Bingham was to erect and cause to be erected valuable and permanent improvements on the land, and that he was to be reimbursed and protected in

so doing; that in keeping with said contract and understanding he did erect and cause to be erected thereon certain buildings, drilled a well, and made improvements of a permanent nature and character, and which add to the property's value three-fourths of the entire value of the property. He further alleged that he paid taxes in the sum of $30 which should have been paid by Lula Rhea and that in consideration of the lease of the lands to Bingham, $10 per month had been collected for ten years by Lula Rhea.

On the same day, by order of court, Van P. Johnson was appointed master and directed to take the proof and report his findings to the court for determination. The master took the evidence, authenticated it and filed it in the court, and on January 9, 1940, the master filed his report in which he found that Lula Rhea had a one-third interest because of her deed from Walter P. Rhea; that Sarah Lee Rhea owned a one-third interest; and J. F. Bingham owned a one-third interest; that Bingham had a lease from Orion Rhea, the administrator; that Lula Rhea had not made claim for dower as widow of Oscar L. Rhea; that Bingham had made improvements on the land of the value of $3,500 and had collected rents amounting to $5,940 and had paid $25 taxes; that Lula Rhea had collected rents amounting to $1,320 and paid $130.35 taxes.

Bingham filed exceptions to the master's report alleging that the report did not go far enough and find a lien for Bingham for the $25 taxes paid; that it did not find that Lula Rhea was not now entitled to dower and did not find Bingham was entitled to one-third of the $1,320 rents collected by Lula Rhea and fix the same as a lien against her one-third, and because it did not find Bingham was, in addition to his one-third, also entitled to three-fourths of the other two-thirds of the value of the whole because of the improvements amounting to $3,500 which he had placed upon the lands, and because the master held that Bingham's lease was unknown.

After considering the master's report and the evidence, the court entered a decree reciting that all the

parties appeared in person and by attorneys and that the cause was submitted and taken for consideration at a later date, and the decree found that Sarah Lee Rhea was a minor and the daughter of Lula Rhea and Oscar Rhea; that J. F. Bingham is the owner of an undivided one-third interest and that Lula Rhea was entitled to a one-third interest, and Sarah Lee Rhea was entitled to a one-third interest; that the widow, Lula Rhea, had a dower right in the property and that the three children had a one-third interest each in the property, subject to the widow's dower, holding the same as tenants in common, at the time of the death of their father. The decree further recited that the appellee, Lula Rhea, alleged that the property should be partitioned, that it cannot be divided in kind, and should be ordered sold; that she is fifty years of age, and out of the proceeds of the sale she be given the value of her interest as dower in money and the value of one-third interest during the period of her expectancy, and waived the right to have her dower partitioned in kind. The decree further recited that Bingham alleged that he had a contract with the administrator and was given permission to erect certain improvements. In taking the testimony counsel for plaintiff reserved his right to question the testimony for incompetency. The court held that the testimony was incompetent as to the lease because it did not show that the lease was lost and could not be produced, nor was the contents proved, nor the date, nor any order of court authorizing him to enter into such lease; that real property is in the hands of the administrator for only one purpose, and that is to pay debts; that the lease to Bingham was void. The court approved the master's report and ordered it filed, ordered the property sold by commissioner of the court, and that of the proceeds the widow should be given a sum of money the value of her interest as dower and out of the remainder the minor, Sarah Lee Rhea, should be entitled to one-third of the money and to judgment against Bingham for $800, being equal to one-third of $2,400 collected by Bingham as rent in excess of the improvements; that after the payment of dower the defendant, Bingham, is entitled to a one-third interest in the proceeds of the

sale subject to the payment of $800 due Sarah Lee Rhea, and that he be given credit for the rents he collected in the sum of $3,500 to reimburse him for all improvements, and the sum of $25 paid by him for taxes. As to the rents in excess of improvements, collected by Bingham, $2,400, Lula Rhea collected $1,320, making a total of $3,720; that Lula Rhea's share as dower would have been $1,240 which is $80 in excess of Lula Rhea's share, one-third of which is due Sarah Lee Rhea, the minor, subject to the payment by the minor of her share of the taxes as a tenant in common by virtue of owning an undivided one-third interest in the land, and finds that the widow has paid taxes for the minor, and that such payment is equal to or greater than the minor's one-third of the $80; that Lula Rhea did not acquire the one-third in the fee until August, 1939, and she cannot be subrogated to the rights of W. P. Rhea to any interest in the $2,400 excess rent collected by Bingham. The master was allowed a fee of $35 for his services which was taxed as cost, and that the cost of the suit shall be first paid before distribution of funds are made to the parties.

J. F. Bingham objected and excepted to the decree of the court, and prayed an appeal to the Supreme Court.

The appellant contends first that the court had no right to award dower and that by bringing her partition suit, the widow could not also ask for dower in the lands she sought to have partitioned.

The late Chief Justice Hart, speaking for the court in the case of *Maxwell* v. *Awtrey,* 151 Ark. 85, 235 S. W. 384, said: "The original equity jurisdiction over the subject of dower has never been doubted, and it has been uniformly held in this state that the statutory remedies for the allotment of dower do not exclude courts of equity from their jurisdiction in the premises."

This court also said in the case of *Oliver* v. *Oliver,* 182 Ark. 1025, 34 S. W. 2d 226: "It is well settled in this state that, where a court of equity acquires jurisdiction of a matter in controversy, it will retain the case for the settlement of all rights between the parties growing out of and connected with the subject-matter, whether legal

or equitable, so as to do complete justice. Having taken jurisdiction of the case for the equitable relief upon any phase of it, equity will retain the cause to administer the legal and equitable relief.'' The following cases are then cited: *McGaughey* v. *Brown,* 46 Ark. 25; *Home Life Ins. Co.* v. *Masterson,* 180 Ark. 170, 21 S. W. 2d 414; and *Held* v. *Mansur,* 181 Ark. 876, 28 S. W. 2d 704.

It is true this was a case for partition, but it was not only proper, but the duty of the court to consider every interest in the property sought to be partitioned, and this, of course, included the dower interest, and the widow expressly waived her right to have dower assigned in kind. There was no merger because of the widow's purchasing a one-third interest.

''To constitute a merger, it is necessary that the two estates be in one and the same person, at one and the same time, and in one and the same right. The component elements of the general definition have met with judicial approval. . . . and that merger will not occur if one estate is acquired by purchase and the other by right of the wife.'' 19 Am. Jur. 588, 589; *Beauchamp* v. *Bertig,* 90 Ark. 351, 119 S. W. 75, 23 L. R. A., N. S. 659.

This court said in the case of *McGuire* v. *Cook,* 98 Ark. 118, 135 S. W. 840: ''The merger of the two estates will not occur if one is acquired by purchase and the other by right of the wife, because they are held in different rights.'' In support of this rule the court cites 3 Cruise, Dig., tit. 30, C 9, § 1; 16 Cyc. 667; *Johnson* v. *Johnson,* 7 Allen 196, 83 Am. Dec. 676; *Pratt* v. *Bank of Bennington,* 10 Vt. 293, 33 Am. Dec. 201; *Pool* v. *Morris,* 29 Ga. 374, 74 Am. Dec. 68.

The lower court correctly held that the testimony about the lease was incompetent because it was not shown that the lease was lost and could not be produced, and the contents of the lease were not proved, and the administrator had no order of court authorizing him to enter into such lease. The lands of the estate were in the hands of the administrator for the purpose of paying the debts only. The administrator had no authority to execute the lease. Section 66 of Pope's Digest reads: ''Lands shall

be assets in the hands of the executor or administrator, and shall be deemed in their possession and subject to their control for the payment of debts.''

The court held that the administrator had no authority to make the lease and to employ Bingham to make improvements, but it held that it was proper to ascertain the amount of rents received by Bingham and the cost of the improvements, and Bingham was allowed the cost of the improvements and charged with the amount of rents collected.

As to the amount allowed each party in interest, there is no dispute; that is, each of the parties that owned an undivided one-third interest was allowed the same amount, the widow was allowed the value of her dower, and the expenses incurred by each were allowed. We think the court correctly declared the law and correctly found the interest of each party.

We find no error, and the decree is affirmed.