TERESA M. WALDEN *vs.* OSCAR L. WALDEN.

Norfolk.   November 13, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Husband and Wife.   Descent and Distribution.   Widow.*

Under R. L. c. 140, § 3, cl. 3, as amended by St. 1905. c. 256, the widow of a man
who died intestate without issue takes a one half interest in real estate in
which her husband at the time of his death had a vested remainder subject
to a life estate that terminated after his death.

PETITION, filed in the Probate Court for the County of Norfolk
on April 21, 1910, by the widow of Ernest L. Walden, who died
intestate and without issue on March 6, 1909, praying for the par-
tition of certain real estate in Plainville, which had belonged to
James H. Walden, who died on April 20, 1885.

In the Probate Court *Flint,* J., made a decree that, it appearing
that the title to the real estate in question was in dispute, the case
was removed to the Superior Court.

In the Superior Court the case was submitted upon an agreed
statement of facts to *Lawton,* J., who made an interlocutory order
that partition should be made, but, being of opinion that such
order ought to be determined by this court before further proceed-
ings were had in the Superior Court, reported the case for such
determination.   The material facts are stated in the opinion.

*O. A. Marden,* for the petitioner.

*E. J. Whitaker,* for the respondent.

SHELDON, J.   Under the will of James H. Walden, who died in
1885, his son, Oscar or Lucius, the respondent, took the half part
of one parcel of the testator's real estate, and the testator's widow
took and enjoyed under the will a life interest in all the residue
of his real estate.   As to the remainder in this residue, James H.
Walden died intestate.   Under the statute then in force, (Pub.
Sts. c. 124,) that remainder vested, subject to the life estate of his
widow, in his two sons, the respondent and Ernest L. Walden, as
tenants in common, and each one of them then took a vested and
alienable interest in his undivided share.   See the cases collected

by Lathrop, J., in *Baker* v. *Baker,* 167 Mass. 575, 576. Ernest L. Walden died on March 6, 1909, intestate and without issue, while his mother was yet living, leaving the petitioner as his 'widow and his mother and the respondent as his only next of kin. His mother, the holder of the life estate, has since died, leaving the respondent as her only next of kin.

The petitioner, as the widow of Ernest L., claims to be entitled to one half part of his interest in the lands in which he had inherited an undivided share from his father. The respondent contends that she did not take any portion of these lands or any interest therein because her husband held in his lifetime only an estate in remainder and never had any actual seisin or possession thereof. He relies upon the decisions in *Watson* v. *Watson,* 150 Mass. 84; *Baker* v. *Baker,* 167 Mass. 575; and *Hill* v. *Pike,* 174 Mass. 582. But these cases were all decided under Pub. Sts. c. 124, § 3; Ernest L. Walden died in 1909; and the rights of his widow are determined by the statute then in force, R. L. c. 140, § 3, cl. 3, as amended by St. 1905, c. 256. That statute, so far as directly material, reads as follows: "If the deceased leaves no issue, the surviving husband or widow shall take five thousand dollars and one half of the remaining personal property and one half of the remaining real property." This is an increase of the rights of the surviving spouse. Each is made, in case of the intestacy of the other, a statutory heir in all the real property of the other. The difference in the present statute from the effect which had been given to the earlier act has been pointed out by this court. *Holmes* v. *Holmes,* 194 Mass. 552, 558 *et seq. Peabody* v. *Cook,* 201 Mass. 218, 220. *Nesbit* v. *Cande,* 206 Mass. 437, 439.

It follows that the petitioner holds the interests which she has averred in and to the different parcels of land described in her petition, and the interlocutory judgment for partition must be affirmed.

*So ordered.*