EDMUND A. WHITMAN, executor, vs. WILLIAM L. WHITNEY
& others.

Middlesex.    October 18, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Evidence*, Extrinsic affecting writings.  *Will.  Probate Court*, Appeal.

On an appeal from a decree of the Probate Court allowing a will, where by the
provisions of the will the residuary legatee under the residuary clause would
receive the testator's interest in a trust fund created by the will of his mother,
evidence is not admissible, for the purpose of having the will declared void so
far as it disposed of the interest in such trust fund, to show that the testator
believed that he did not have any interest in such trust fund beyond a life inter-
est and did not intend to dispose of any such interest by the will, if there is
nothing to show that the testator's ignorance or his belief as to the extent of
his interest or his intention not to dispose of such interest was the result of fraud
practiced upon him or of any delusion or incapacity to understand the nature,
quantity or value of the interest.

Where, therefore, the sole grounds of objection to the decree appealed from are
such a mistaken belief of the testator that he owned only a life estate in the trust
fund and the fact that he did not intend to dispose of such interest by his will,
a motion to dismiss the appeal because it sets forth no reason why it should be
allowed in law should be allowed.

APPEAL from a decree of the Probate Court for the county of
Middlesex allowing the last will and codicils of Abigail W. Howe,
late of Cambridge.

The will, after numerous specific bequests of articles of personal
property and legacies of money, contained a residuary clause giving
"the rest and residue of my estate" to Radcliffe College of Cam-
bridge, Massachusetts, to be divided into two funds, one to be
known as the Benjamin White Whitney fund and the other as the
Augustus Anson Whitney fund, in memory of the two brothers of
the testatrix, and the income to be applied in the form of scholar-
ships or fellowships to meritorious students in any department of
the college, at least one such fellowship to have sufficient income
to permit the incumbent thereof to study abroad.

The objections upon which the appeal was based are set out in
the opinion.  The appellee moved that the appeal be dismissed
because the appellants set forth no reasons why an appeal should

be allowed in law. The motion was heard by *De Courcy,* J., and was allowed. The appellants appealed.

*H. F. Atwood,* (*E. Field* with him,) for the appellants.

*E. A. Whitman,* executor, *pro se.*

PIERCE, J. This is an appeal from a decree of a single justice of this court, allowing a motion to dismiss an appeal from a decree of the Probate Court allowing certain instruments as the last will and codicils of Abigail W. Howe.

The ground upon which the motion is based is, that the appellants set forth no reasons why the appeal should be allowed in law. The appellants, who are the only heirs and next of kin of the testatrix, within the time allowed by law filed their appeal from the allowance of the will, alleging the following sole ground of objection: "Because the testatrix died owning an interest in the principal of a trust fund under the will of Susanah Whitney, late of Cambridge in said County of Middlesex, deceased, of great value; that she believed she had no interest in said trust fund other than a life interest; that she did not intend to dispose of said interest in the principal of said fund by her will or codicils; and that the said will and codicils were void and of no effect, so far as they disposed of said interest, and so much thereof as disposed of said interest should not be admitted to probate."

The fact that the testatrix had the legal power to dispose of the principal of the trust fund, distinguishes the case at bar from *Deane* v. *Littlefield,* 1 Pick. 239, *Holman* v. *Perry,* 4 Met. 492, *Heath* v. *Withington,* 6 Cush. 497, *Old Colony Trust Co.* v. *Bailey,* 202 Mass. 283, which are cases where there was either a partial legal disability on the part of the testator or where there had been fraud or undue influence as to a specific clause in the will. In these classes of cases, wills have been proved to take effect in part and to be void in part. *Sumner* v. *Crane,* 155 Mass. 483, 484. *Old Colony Trust Co.* v. *Bailey, supra.*

The appellants do not claim that the ignorance of the testatrix of her legal right to dispose of the principal fund, that her belief that she had no interest therein other than a life estate, or that her intent not to dispose of her interest was the result of fraud, of any delusion or incapacity to understand the nature, quantity or value of her interest; but assert that the mere belief of the testatrix that she had only a life estate in the trust fund requires

that the decree of the Probate Court should exclude the trust property from the operation of the will. So far as may be inferred from the record, the ignorance and belief of the testatrix were attributable to no other fact or condition than that she voluntarily omitted to make inquiries or an estimate of her property, and chose to make her dispositions without definite or certain knowledge of its amount or value.

It is clear upon the authority of *Barker* v. *Comins*, 110 Mass. 477, that upon the facts stated, evidence would not be admissible to prove that the testatrix did not intend to dispose of her interest in the trust fund.

*Decree affirmed.*