EDMUND A. WHITMAN, trustee, *vs.* WILLIAM L. WHITNEY
& others.

Middlesex. March 28, 1917. — July 3, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Devise and Legacy,* Vested interests. *Trust. Will. Evidence,* Extrinsic affecting writings.

A testatrix by her will created a trust, the income of which should be divided between her two daughters, and provided "And if both my said daughters shall die leaving no child which shall attain the age of twenty-one years, then the whole of said deceased sisters share I give devise and bequeath to my" two sons. *Held,* that, at the death of the testatrix leaving two sons and two daughters surviving her, the two sons took a vested interest in the trust fund, and the share of each was transmissible by will or subject to distribution as property under the laws regulating the descent and distribution of intestate estates.

Where a will purports to dispose of all of the property of the testator, evidence is not admissible, for the purpose of showing that the will did not operate as to an interest of the testator under the will of his mother and that the deceased was intestate as to such interest, which tends to show that the testator was of the opinion and believed that he had no interest under his mother's will and that he was so advised by his attorney.

A testatrix by the eighth clause of her will created a trust in certain real estate, the income to be paid to her two daughters during their lives and to their children, if either should die leaving a child or children, until they reached twenty-one years of age, and, in case both daughters died without issue, that the interest in the real estate should become the property of her two sons. By an eleventh clause she provided that "the residue of my estate, both real personal and mixed" should be held "upon the same trusts and subject to the same mediate and final disposal as expressed in the eighth clause." Both sons, having survived their mother, died intestate before the daughters, the first son unmarried and without issue, and the second son, in 1891, without issue and leaving a widow and an estate which, after the payment of all debts and expenses of administration and exclusive of his interest in the trust fund under his mother's will, exceeded $10,000. *Held,* that by the provision of the eleventh clause of the will, which related to the "final disposal" of her property, the testatrix did not intend to control or direct the disposition of the residue of the trust estate after it had become vested in the sons; and therefore that the property, which under the will had vested in the second son at the death of the testatrix, on his death passed from him by the laws of intestate descent and distribution, and not under the will.

By Pub. Sts. c. 135, § 3, as amended by Sts. 1882, c. 141; 1885, c. 276, under the circumstances above described, the widow of the second son became entitled to one half of the interest which had vested in him under the above described provisions of his mother's will.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 13, 1916, by the trustee under the will of Susannah Whitney, late of Cambridge, for instructions.

Material portions of the eighth, tenth and eleventh clauses of the will were as follows:

"Eighth. I give devise and bequeath unto my sons Augustus Anson and Benjamin White, one undivided half part of all the real estate of which I shall die seized and possessed, situate in the town of Brookline aforesaid . . . upon the following trusts, viz, that they the said trustees & the trustees or trustee for the time being under these presents, after all incidental and necessary expenses attending the execution of this trust, together with a reasonable compensation to themselves for their services shall receive and apply the net interest and income of said premises, or of the proceeds thereof, to the sole and exclusive use of my two daughters Susan Elizabeth and Abigail White equally, for and during their natural lives. And in case either of my daughters should die, leaving a child or children who shall attain the age of twenty one years, then to convey deliver and pay over said deceased parent's share to said child or children as they respectively become of age equally, to have and to hold the same to him her or them their heirs and assigns forever; and if only one child of either of my said daughters, attain that age, then that such child shall have the whole of its parent's share. But if either of my daughters should die and leave no child who shall attain the age of twenty one years then I give devise and bequeath such deceased's share equally to be divided between the survivors of my children Augustus Anson, Benjamin White, Susan Elizabeth and Abigail White, but the share of said deceased sister's share so dying as aforesaid, to which either of my said daughters may be entitled as aforesaid, shall be held upon the same trusts as above expressed, but the share which either of my sons aforesaid may be entitled to out of either deceased sister's share, shall be held by them their heirs and assigns forever. And if both my said daughters shall die leaving no child which shall attain the age of twenty one years, then the whole of said deceased sisters shares I give devise and bequeath to my said sons Augustus Anson and Benjamin White, to have and to hold the same to them their heirs and assigns forever. But my will is that in case either of my said daughters die leaving a

child or children that the income of said deceased parent's share shall be appropriated to the support and education of such child or children until he she or they attain twenty one years, or until their death before that time."

"Tenth. I give devise and bequeath two undivided fourth parts of all the rest and residue of my estate, both real personal and mixed, of whatever kind, and wherever situate of which I may die seized and possessed, or to which I may be entitled at the time of my decease, unto my two sons Augustus Anson, and Benjamin White. To have and to hold the same to them their heirs and assigns forever.

"Eleventh. I give devise and bequeath the other two undivided fourth parts of the said rest and residue of my estate, both real personal and mixed, of whatever kind and wherever situate, of which I may die seized and possessed, or to which I may be entitled at the time of my decease, unto my sons Augustus Anson and Benjamin White. . . . upon the same trusts and subject to the same mediate and final disposal as expressed in the eighth clause of this my will, and with the same rights and powers and subject to the same duties and obligations as therein expressed . . ."

It appeared that Benjamin White Whitney had died in the year 1880 intestate, unmarried and without issue, leaving as his heirs at law and next of kin his two brothers, William L. and Augustus A. Whitney, and his two sisters, Susan E. W. Brackett and Abigail W. Whitney, later Abigail W. Howe; that Augustus A. Whitney had died on July 29, 1891, intestate and without issue, but leaving a widow Evelyn A. Whitney and as his heirs at law and next of kin William L. Whitney, Susan E. W. Brackett and Abigail W. Howe.

It also appeared that Susan E. W. Brackett had died in the year 1894, leaving a will and one codicil, which had been allowed and under which the Society for the Prevention of Cruelty to Children and the Meadville Theological School, defendants in this suit, were made the residuary legatees in equal shares, and that a final account of the executor showing distribution in full had been allowed by the Probate Court.

It further appeared that Abigail W. Howe, formerly Abigail W. Whitney, died on January 3, 1916, leaving a will and two codicils, under which Radcliffe College, a defendant in this suit, was

made the residuary legatee; and that her estate was amply sufficient to pay all debts and legacies, so that the residue of the estate will be a substantial amount. Proof of this will was allowed after rescript from this court stating the decision reported in *Whitman* v. *Whitney*, 225 Mass. 213.

Evelyn A. Whitney, the widow of Augustus A. Whitney, died in the year 1898 intestate, unmarried and without issue, leaving as her only heirs at law her sisters Lucy T., Caroline L., Ellen M. and Martha E. Sawyer, of whom Ellen M. and Martha E. Sawyer alone survive and are the administratrices of her estate and the sole heirs at law and next of kin of her and of their sisters.

William L. Whitney, Julia A. Wright and Lucy A. Whitney, defendants, are the sole heirs at law and next of kin of their father, William L. Whitney, the eldest son of the testatrix, who died on May 29, 1900, intestate, William L. Whitney being the administrator of his estate.

The ninth paragraph of the bill alleged that the estate which came into the hands of the plaintiff and of his predecessors was all real estate, or the proceeds from the sales of real estate, except certain securities received from the executors of the will of Susannah Whitney, the whole of which securities were appraised at the time of their receipt on February 17, 1869, at the sum of $14,004.75.

The suit was heard by *Pierce*, J., by whose order a final decree was entered on January 26, 1917, excluding the evidence described in the opinion and instructing the plaintiff that Ellen M. and Martha E. Sawyer as next of kin of Evelyn A. Whitney, deceased, the widow of Augustus A. Whitney, were entitled to five sixteenths of the personal property set out in the ninth paragraph of the bill of complaint, less such proportional part of the expenses of the administration and distribution of the estate in the hands of the plaintiff as might be allowed by the Probate Court upon his final accounting, and that such amount as so determined be paid over to said Ellen M. and Martha E. Sawyer; that after such payment, the residue of the trust fund in his hands, at the time of the final termination of the trust and the final distribution of the trust estate, be distributed, one third to Radcliffe College, one sixth each to the Meadville Theological School and the Society for the

Prevention of Cruelty to Children, one ninth each to William L. Whitney, Lucy A. Whitney and Julia A. Wright.

All of the defendants except Ellen M. and Martha E. Sawyer appealed.

*E. A. Whitman,* trustee, stated the case.

*H. F. Atwood,* (*E. Field* with him,) for William L. Whitney and others.

*J. A. Lowell,* for the Massachusetts Society for the Prevention of Cruelty to Children and the Meadville Theological School.

*F. P. Cabot,* for Radcliffe College.

*F. T. Field,* for Ellen M. and Martha E. Sawyer.

CROSBY, J. The will of Susannah Whitney was duly proved and allowed in the Probate Court for the County of Middlesex on February 25, 1868. Under the eighth and eleventh clauses thereof certain trusts were created, and as the last surviving life tenant has died the trust estates are now determined and the time has come for the final distribution of the estates held thereunder. The plaintiff, who is the trustee under the will, brings this bill in equity for instructions to determine to whom the estate in his hands and possession is to be distributed and in what proportions.

1. The will in clause eight contains the following provision: "And if both my said daughters shall die leaving no child which shall attain the age of twenty-one years, then the whole of said deceased sisters shares I give devise and bequeath to my said sons Augustus Anson and Benjamin White, to have and to hold the same to them their heirs and assigns forever."

Under this clause Augustus Anson Whitney and Benjamin White Whitney took at the death of their mother, the testatrix, remainders in a trust fund which were vested and the share of each was transmissible and descendible as property under the statutes regulating the descent and distribution of intestate estates. We do not understand that any contention is made to the contrary. *Whitman* v. *Whitney,* 225 Mass. 213. *Whitman* v. *Huefner,* 221 Mass. 265. *Springfield Safe Deposit & Trust Co.* v. *Dwelly,* 219 Mass. 65. *Bosworth* v. *Stockbridge,* 189 Mass. 266.

2. At the hearing before the single justice the appellants, William L. Whitney, Lucy A. Whitney and Julia A. Wright, made certain offers of proof which were in substance that the life tenants, Abigail W. Howe and Susan E. W. Brackett, were of the opinion

and believed that they had no title or interest in the trust property which they had power to dispose of by will, and that they were so advised by their attorney; that they never intended by their wills, respectively, to dispose of any part of the trust property. These appellants contend that under these circumstances, the interests of Mrs. Howe and Mrs. Brackett in the trust fund did not pass by their wills but, as to each, their respective interests in the trust estate was intestate property; and that if such trust property did pass to the legatees named in their wills that there is a resulting trust in favor of their respective heirs at law; and that with reference to the will of Mrs. Howe there was an express trust.

The single justice rightly excluded the evidence offered. The mistaken belief of Mrs. Howe and Mrs. Brackett that they owned only a life estate in the trust fund, which they did not intend to dispose of by will, cannot be shown to affect the validity of the bequests thereunder. *Polsey* v. *Newton,* 199 Mass. 450, 454. *Whitman* v. *Whitney,* 225 Mass. 213.

It follows that no part of the trust estate which vested in Mrs. Brackett and in Mrs. Howe was left undisposed of by their wills, but that their respective shares therein became vested in the legatees named in their wills.

3. Augustus Anson Whitney owned a vested interest in one half of the trust estate under the eighth and eleventh clauses of the will of his mother, Susannah Whitney. He also inherited from his brother Benjamin W. Whitney, who died intestate and unmarried, one eighth of the trust estate, so that upon his (Augustus') death in 1891, he owned five eighths of the trust fund. He died intestate without issue and left a widow, Evelyn A. Whitney.

An important question to be determined is, did the widow take as statutory heir of her husband any part of the trust estate? It is agreed in writing by the parties "that Augustus Anson Whitney referred to in the petition left personal estate at his death exceeding $10,000 in value in excess of debts and expenses of administration and exclusive of any interest in the trust fund created by the will of Susannah Whitney."

The contention is made by the defendants, Ellen M. and Martha E. Sawyer, who are the heirs at law and next of kin of Evelyn A. Whitney, that upon the death of Augustus A. Whitney, intestate

and without issue, a future interest in one half of the personal property belonging to the trust became vested in his widow under the eleventh clause of the will.

It is the contention of certain of the defendants, that the widow of Augustus never became entitled to any part of the trust fund, that as the eighth clause of the will created a trust which related solely to real estate, and as the interest of Augustus therein was a vested remainder in property held in trust, that his widow did not take as statutory heir. *Watson* v. *Watson,* 150 Mass. 84. *Baker* v. *Baker,* 167 Mass. 575.

The eleventh clause of the will created a trust in a portion of the "residue of my estate, both real personal and mixed," to hold "upon the same trusts and subject to the same mediate and final disposal as expressed in the eighth clause of this my will."

It is contended that the language quoted shows that the testatrix intended that the trust property included in the eleventh clause and consisting of real and personal property should be finally disposed of in accordance with the eighth clause, and that under the latter clause the estate consisting wholly of real estate went to the heirs at law of the sons to the exclusion of any right of the son's widow. In other words, it is the contention of the defendants who deny that any estate became vested in the widow, that the "final disposal" of the entire trust estate, both real and personal, was to be the same, and for that purpose was all to be treated as real estate. If so, it is plain that the widow took no part of the trust estate because at that time future interests in real estate did not vest in a widow. Pub. Sts. c. 135, § 3, as amended by St. 1882, c. 141, and St. 1885, c. 276.

The law has since been changed in this respect so that a widow may now take an interest in lands, although her husband held in his lifetime only an estate therein in remainder. R. L. c. 140, § 3, cl. 3, as amended by St. 1905, c. 256. *Walden* v. *Walden,* 213 Mass. 418.

The words above quoted from the eleventh clause of the will are not decisive against the contention of the defendants who claim that the widow took as statutory heir. Before his death Augustus A. Whitney had a vested remainder in a contingent equitable estate consisting of personal as well as real property. We are of opinion that such property, both real and personal, which passed

from Augustus at his death passed by descent and the laws of distribution, and not under the will of his mother, Susannah Whitney, and therefore that the provision above referred to in the eleventh clause of her will is not applicable to the descent and distribution of his estate. The eleventh clause which relates to the "final disposal" of the trust estate is to be construed to mean that only the life interests in the daughters of the testatrix, and remainders in their issue or in her sons, in her real and personal property described in the eleventh clause, should be the same as the real estate given by the eighth clause; she did not intend to control or direct the disposition of the residue of the trust estate after it had become vested in her sons, Augustus and Benjamin, the remaindermen.

The law relating to the distribution of personal estate as it existed in 1891, when the death of Augustus A. Whitney occurred, was contained in Pub. Sts. c. 135, § 3, as amended by St. 1882, c. 141, and St. 1885, c. 276.

"Sect. 3. When a person dies possessed of personal estate not lawfully disposed of by will, it shall be applied and distributed as follows: —

"Fifth. If he leaves a widow and no issue, the widow shall be entitled to the whole of the residue to the amount of five thousand dollars, and to one-half the excess of the residue above ten thousand dollars; . . ."

The provisions of the R. L. c. 140, § 3, cl. 3, as amended by St. 1905, c. 256, extend the provisions of the Public Statutes to real estate and make certain other changes.

It is to be noted that so far as the question under consideration is concerned, the rights of the widow were substantially the same under Pub. Sts. c. 135, § 3, as amended, as under the R. L. c. 140, § 3, as amended.

In *Walden* v. *Walden, supra,* a case which was decided under R. L. c. 140, § 3, as amended by St. 1905, c. 256, it was held that the widow of a man who died intestate without issue takes a half interest in real estate in which her husband at the time of his death had a vested remainder, although subject to a life estate that terminated after his death. If under the statute a future interest in real estate passes to a widow, without doubt she would take such an interest in personal estate.

Under the statutes in force at the date of the death of Augustus A. Whitney, the right to a future interest in the personal estate of the fund passed to the widow and upon her decease became a part of her estate. *Buswell* v. *Newcomb,* 183 Mass. 111. *O'Brien* v. *Lewis,* 208 Mass. 515. *Walden* v. *Walden, supra. Whitman* v. *Huefner, supra.*

As her husband was entitled to five eighths of the trust fund, his widow had a future interest in one half of the personal estate, or five sixteenths thereof, which her heirs at law are now entitled to receive. *Buswell* v. *Newcomb,* 183 Mass. 111, 114. *Minot* v. *Purrington,* 190 Mass. 336, 342.

The plaintiff is instructed, as ordered by the single justice, that Ellen M. and Martha E. Sawyer, the next of kin of Evelyn A. Whitney, deceased, the widow of Augustus A.. Whitney, are entitled to receive five sixteenths of the personal property set out in the ninth paragraph of the bill less such proportional part of the expenses of the administration and disposition of the estate in the hands of the petitioner as may be allowed by the Probate Court upon his final accounting, and that such amount as so determined is to be paid over to Ellen M. and Martha E. Sawyer; that after such payment, the residue of the trust fund in his hands at the time of the final determination of the trust estate, is to be distributed one third to Radcliffe College, one sixth each to the Meadville Theological School and the Society for the Prevention of Cruelty to Children, and one ninth each to William L. Whitney, Lucy A. Whitney and Julia A. Wright.

*Decree affirmed.*