PETER P. PORTER, trustee, *vs.* PHILIP J. MOLLOY, administrator, & another.

Suffolk. December 10, 1925. — January 7, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Devise and Legacy,* Time of vesting.

A testator, who was a widower with one daughter thirty-nine years of age having a son seventeen years of age, made a will in which he established a trust, the income of which was to be paid to his daughter during her life and on her death, if the grandson then had not reached twenty-five years of age, the trustee was to pay him the income in his discretion for his support, education and maintenance until he reached twenty-five years of age, when he was to have the fund. Further provisions were: "In the event of the death of said . . . [grandson] before arriving at the said age of twenty-five years and before said trust Estate shall have been conveyed to him the said trustee shall if my said daughter is then deceased, convey and transfer said trust Estate and the accumulations thereof. to such persons as would under the law of this Commonwealth, take my Estate and property in case I had died intestate leaving no widow, child or grandchild." About nine months after making his will, the testator died leaving surviving him his daughter and grandson. The grandson died at the age of forty-three leaving as his next of kin his father and his mother. Five years later, the testator's daughter died. Certain nephews and nieces of the testator would have been entitled to his estate had he died leaving no widow, child or grandchild. On a petition by the trustee for instructions, it was *held,* that

(1) At the death of the testator, there vested in the grandson a beneficial interest in the fund;

(2) The contingency which would have entitled the nephews and nieces of the testator to take did not occur, since the grandson reached the age of twenty-five years;

(3) The fund should be distributed between the next of kin of the grandson: one half to the administrator of the estate of his mother and one half to his father.

PETITION, filed in the Probate Court for the county of Suffolk on March 6, 1925, by the trustee under the will of Hugh McLaughlin, late of Boston, for instructions.

In the Probate Court, the petition was heard by *Dolan,* J., upon an agreed statement of facts. It appeared. that, at the time of the inception of the trust, the trust estate consisted

of two parcels of real estate, that subsequently one parcel was sold, and that at the time of the filing of the petition the trust estate consisted of one parcel of real estate and personal property. There was no fact agreed upon relating to administration of the estate of Patrick H. Bradley. Other material facts are described in the opinion.

The judge ruled "from a study of the whole instrument that it was not the intention of the testator that the trust estate should vest in Patrick H. Bradley in any event unless he survived the life tenant;" and by his order there was entered the decree described in the opinion. The administrator of the estate of Sarah M. Bradley and Patrick Bradley, father of Patrick H. Bradley, appealed.

The case was submitted on briefs.

*H. Bergson & W. C. Maguire* for Philip J. Molloy, administrator, and Patrick Bradley, respondents, appellants.

*J. E. Crowley* for Hugh W. J. McLaughlin and others, respondents, appellees.

PIERCE, J. This is a petition in equity, filed in the Probate Court for the county of Suffolk by Peter P. Porter, trustee under the will of Hugh McLaughlin, seeking instructions "as to whom and in what proportion the trust funds now held by him should be paid."

The will, allowed on May 16, 1892, provides in part as follows:

"I give, devise and bequeath all the Estate real, personal and mixed of which I may die seized and possessed or in any manner entitled to, to said Daniel McLaughlin but in trust nevertheless for the following purposes, to hold, manage and improve the same and after providing for the support of my wife's sister CATHERINE GALLAGHER as directed by this my will to pay over the net income, rents and profits thereof to my daughter SARAH BRADLEY during her natural life and upon her death in case my grandson Patrick the son of said Sarah shall then be twenty-five years of age and upward to convey and transfer to him said Patrick all the said trust Estate and the accumulations thereof free and discharged of all trusts.

"In case of the death of my said daughter before said

Patrick shall arrive at the said age of twenty-five years then said trustee shall after the death of said Sarah hold said trust Estate and pay over the net income rents and profits thereof, if in his judgment it is advisable so to do and not otherwise, for the support, education and maintenance of said Patrick until he shall arrive at the said age of twenty-five years and then said trustee shall convey and transfer to said Patrick all of said trust Estate and the accumulations thereof free and discharged of all trusts. In the event of the death of said Patrick before arriving at the said age of twenty-five years and before said trust Estate shall have been conveyed to him the said trustee shall if my said daughter is then deceased, convey and transfer said trust Estate and the accumulations thereof to such persons as would under the law of this Commonwealth, take my Estate and property in case I had died intestate leaving no widow, child or grandchild."

The petition was heard upon an agreed statement of facts which, in substance, are that the testator died on April 15, 1892, then being about sixty-six years of age; that he executed his will on July 2, 1891; that he was a widower and had living one daughter, at that time about thirty-nine years old, who had a son, Patrick H. Bradley, then about seventeen years of age; that the persons who, under the law of this Commonwealth, would take his estate had he died intestate, leaving no widow, child or grandchild, were five children of a deceased brother, the four survivors of whom are parties respondent; that the remaining respondents are Patrick Bradley, husband of the testator's daughter, and Philip J. Molloy, administrator of the estate of the deceased daughter; that the grandson lived to the age of forty-three years and died intestate and without issue leaving surviving him his mother, Sarah M. Bradley (called Sarah Bradley in the will), and his father, Patrick Bradley; and that the mother survived him about five years.

A decree was entered directing the trustee to distribute the fund among the nephew and nieces of the testator, the persons who would under the law of the Commonwealth of Massachusetts take the estate of the testator had he died intestate leaving no widow, child or grandchild. The case

is before this court on the appeals of the administrator of the estate of Sarah M. Bradley, and Patrick Bradley, father of Patrick H. Bradley.

The nephew and nieces to whom the trustee was instructed by the Probate Court to distribute the fund contend that the intent of the testator, gathered from all the language of the will, in connection with the circumstances that were known to the testator when he made it, *Sanger* v. *Bourke*, 209 Mass. 481, 488, was that his daughter should have the income for life, except in the case of her remarriage; that the grandson should have one half the income in the event of his mother's remarriage, the whole of the income only on his surviving her, and the principal of the fund only upon his attaining the age of twenty-five years and surviving his mother; and that it was the further intent that, if the property was not distributed to the grandson, they are the testator's relatives, who would take if he had died intestate leaving no widow, child or grandchild, who should inherit.

To reach this result it is necessary that the word "and," in the phrase "In the event of the death of said Patrick before arriving at the said age of twenty-five years and before said trust Estate shall have been conveyed to him," shall be read "or." In a word, that it appears, as it must from the context, that it was the intent of the testator to read the word "and" disjunctively and not conjunctively; and that the testator used one word for the other through mistake. *Morgan* v. *Thomas*, 9 Q. B. D. 643. *Attorney General* v. *National Provincial & Union Bank of England*, [1924] A. C. 262. *Dunbar* v. *Hammond*, 234 Mass. 554, 557. *Marble* v. *Treasurer & Receiver General*, 245 Mass. 504, 506.

On the other hand, the administrator of the estate of the mother and the father of the grandson contend that Patrick H. Bradley took under the will an estate which vested in title when, if ever, he reached the age of twenty-five years, subject to a trust whereby the income, rents and profits were to be paid to his mother during her natural life, unless she should remarry (an event that did not happen), in which case one half of the income was to be paid to her and the other half be applied to the support, education and mainte-

nance of the grandchild. In support of this contention it is urged that the testator would have in mind that the grandson would probably marry and beget children; and that a finding in accord with the contention of the nephew and nieces would result in the assumption that the testator intended in the happening of the events actual and supposed that his collateral heirs (nephew and nieces) should inherit the property to the exclusion of the direct heirs of his blood unless the grandson should reach the age of twenty-five years, or, by reason of the continuance in life of his mother, had not received the estate in possession. There is of course no legal difficulty which prevents a life tenant from also having a vested contingent interest in the remainder. On the whole we think the intent of the testator does not require any change in the will as drafted, because of mistake or otherwise.

It results that the decree must be reversed, and the trustee be instructed to distribute the remainder, one half to the administrator of the estate of Sarah Bradley, and one half to Patrick Bradley the father of Patrick H. Bradley.

*Ordered accordingly.*