FRANK H. BROWN, trustee, *vs.* ALICE H. TUCKERMAN
and others.

Worcester.    December 11, 1925. — March 30, 1926.

Present: BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Trust*, Construction of instrument creating trust. *Devise and Legacy*,
Time of vesting.

A testator by his will placed the residue of his real estate in trust, the
income to be paid in equal shares to his two daughters and on the
death of either of them " to pay over the proportion of said net income
to which such deceased would have been entitled if living, to the
survivor of them during her life, and on the death of such survivor or
of both of them, to convey and transfer all said real estate so held in
trust, to the legal heirs of my said daughters in equal proportions by
right of representation to have and to hold to them, their heirs and
assigns forever."   The residue of his personal estate he also placed in
trust with a like disposition of the income during the daughters' lives
and on the death of either "to pay over the proportion of said net
income to which such deceased would have been entitled if living to
the survivor of them and on the decease of such survivor or of both of
them, to assign, transfer and make over all and singular the personal
and mixed estate so as aforesaid given in trust, to the legal heirs of my
said daughters, meaning and intending such person or persons as by
the Statute of distributions would be entitled to the same respectively
provided my said daughters owned said property and died intestate
and in the manner and amounts provided by said Statute and in equal
proportions by right of representation to have and to hold to them
their heirs, executors, administrators and assigns forever."   One of the
daughters died intestate, leaving as her only next of kin and heir at
law her sister.   After the death of the other daughter testate, the
trustee, who had converted all the real estate into personalty, sought
instructions as to the disposition of the interest of the daughter who
died first.   *Held*, that

(1) The testator intended that each daughter should take a vested
interest in an "equitable contingent remainder";

(2) On the death of the first daughter, intestate, the surviving daughter
took her interest in all residuary estate under the will absolutely;

(3) A decree ordering the interest under the will, inherited by the
second daughter from the first daughter, to be paid to the executor
of the will of the second daughter, was affirmed.

PETITION, filed in the Probate Court for the county of
Worcester on April 4, 1924, by the trustee under the will of
Walter Heywood, late of Fitchburg, for instructions.

In the Probate Court, the petition was heard by *Forbes*, J. Material facts are described in the opinion. By order of the judge, a decree was entered "that one half of all the trust estate . . . belongs to the estate of Rosa H. Brown, late of said Fitchburg, deceased, and it is the duty of the petitioner to pay over and transfer to Frank H. Brown and Arthur H. Brown both of said Fitchburg, as they are executors of the will of Rosa H. Brown aforesaid, one half of said trust estate, and to transfer and pay over the remaining one half of said trust estate to the respondents, Alice H. Tuckerman, Lucy B. Heywood and Nellie A. Cushing, the legal heirs of Rosa H. Brown, in equal shares." Alice H. Tuckerman, Lucy B. Heywood, and Edith A. Cushing, executrix of the will of Nellie A. Cushing, appealed.

The case was submitted on briefs.

*P. M. Foss*, for the respondent Edith A. Cushing, executrix.

*A. H. Weed & R. Verrill*, for the respondents Tuckerman and Heywood.

*J. R. Benton*, Attorney General, *& M. F. Weston*, Assistant Attorney General, for the Attorney General.

BRALEY, J. The testator, Walter Heywood, died August 1, 1880, leaving a widow Lydia R. Heywood, and two daughters by his first marriage, Rosa H. Brown, wife of William O. Brown, and Nellie H. Corey, wife of David A. Corey, as his only heirs at law. After making provision for his wife in the second, third, fourth and fifth clauses of his will, the testator disposes of the rest, residue and remainder of his estate, whether real, personal or mixed, by two clauses each designated as "Sixth," which respectively reads as follows.

"All the rest, residue and remainder of my real estate whereof I shall die seized or to which I shall be entitled at the time of my decease and not herein before devised, I give and devise to my son-in-law, William O. Brown and his legal successors for the purposes and upon the trusts herein expressed of and concerning the same, that is to say in trust to hold, manage, and improve the same and to pay the net income and rents thereof to my daughters Rosa H. Brown wife of William O. Brown and Nellie H. Corey wife of David A. Corey, in equal shares during their lives, and on the de-

cease of either said Rosa H. or said Nellie H. to pay over the proportion of said net income to which such deceased would have been entitled if living, to the survivor of them during her life, and on the death of such survivor or of both of them, to convey and transfer all said real estate so held in trust, to the legal heirs of my said daughters in equal proportions by right of representation to have and to hold to them, their heirs and assigns forever."

"All the rest, residue and remainder of my estate personal or mixed of which I may die possessed or to which I may be entitled at the time of my decease and not hereinbefore given or bequeathed or disposed of, including all my manufacturing stock and railroad stock other than that mentioned in item third of this will as given to said Lydia R. I give and bequeath to said William O. Brown and his legal successors, for the purposes and upon the trusts herein expressed of and concerning the same that is to say in trust to sell and convert into money all and singular the personal and mixed estate hereby given in trust, except the shares I now own in the Walter Heywood Chair Company, as may be deemed expedient by him, to invest and reinvest the same from time to time to hold manage and improve the estate hereby given in trust including the shares last named and to pay over the net income thereof to my said daughters, Rosa H. Brown and Nellie H. Corey in equal shares during their lives, and on the decease of either said Rosa H., or said Nellie H. to pay over the proportion of said net income to which such deceased would have been entitled if living to the survivor of them and on the decease of such survivor or of both of them, to assign, transfer and make over all and singular the personal and mixed estate so as aforesaid given in trust, to the legal heirs of my said daughters, meaning and intending such person or persons as by the Statute of distributions would be entitled to the same respectively provided my said daughters owned said property and died intestate and in the manner and amounts provided by said Statute and in equal proportions by right of representation to have and to hold to them their heirs, executors, administrators and assigns forever."

It appears from the allegations of the petition, which by an interlocutory decree was taken for confessed against the respondents, that the widow who by the second clause was given a life estate in the homestead lot with the buildings thereon, died September 17, 1897.   Nellie H. Corey died intestate without issue July 22, 1887, leaving as her only heir her sister Rosa H. Brown, who died testate August 23, 1923, leaving no issue and as her heirs Alice H. Tuckerman, Lucy B. Heywood and Nellie A. Cushing.   By the thirty-second item of her will, which has been admitted to probate, she devised and bequeathed the rest, residue and remainder of her estate to public charities.   The life estates having terminated and the time for distribution of the principal having come, the trustee, who has converted the real property into money amounting approximately to $38,000, and who also holds personal property amounting approximately to $37,000 asks for these instructions.

"First.   As to whether the entire real estate devised by the first 'Sixth' clause of said will vested in Alice H. Tuckerman, Lucy B. Heywood and Nellie A. Cushing; or whether upon the decease of said Nellie H. Corey, one half of the corpus of both of said trust funds vested in Rosa H. Brown, sole legal heir of said Nellie H. Corey, and consequently passed under the residuary clause of said Rosa H. Brown's will to the persons and corporations therein named and in the proportions thereby provided.

"Second.   As to whom and in what proportions the personal and mixed estate passing by the second 'Sixth' clause in said will shall be distributed.

"Third.   That he be further instructed as to the costs and expenses to be taxed and paid out of the estate in these proceedings."

It is undisputed that at the death of Rosa H. Brown her next of kin and heirs at law were Lucy B. Heywood, Alice H. Tuckerman and Nellie A. Cushing, and that as such heirs they were entitled to one half of the fund.   The controversy is over the remaining half, which after the death of both daughters was to go to the legal heirs of Nellie H. Corey. The respondents and appellants are Alice H. Tuckerman,

Lucy B. Heywood, and Edith A. Cushing, executrix of the will of Nellie A. Cushing.

It is contended by Alice H. Tuckerman and Lucy B. Heywood that the heirs of Mrs. Brown and of Mrs. Corey are a single class who are to take each trust fund combined as a whole. The testator by his will expressed a matured plan for the distribution of his estate. It was feasible, if he so desired, to embody in one clause the contents of both clauses. But, not having done so, the concluding language of the second sixth clause where he specifically directs the distribution of "the personal and mixed estate . . . provided my said daughters owned said property and died intestate" precludes such construction.

It is also contended generally by all the respondents, that the two clauses when read with the whole will should be construed as meaning that the heirs are to be determined as of the date of the death of Mrs. Brown the last beneficiary for life, and the principal is to be divided into equal shares, one share for each respondent. It was the purpose of the testator to make a final disposition of the principal in accordance with the terms of each clause. While providing adequate support for his daughters during their joint lives, he also intended that each should take a vested interest in an equitable contingent remainder. *Dunn* v. *Sargeant*, 101 Mass. 336. *Porter* v. *Malloy*, 254 Mass. 398. The only legal heir of Mrs. Corey at the date of her death was Mrs. Brown, who then took absolutely Mrs. Corey's interest in all the residuary estates, and, Mrs. Brown not having parted with title, one half of the principal, which she inherited from Mrs. Corey, is payable to the executor of her will. *Marsh* v. *Hoyt*, 161 Mass. 459. *Gardiner* v. *Guild*, 106 Mass. 25. *Cushman* v. *Arnold*, 185 Mass. 165, 169. *Gray* v. *Whittemore*, 192 Mass. 367. *Holmes* v. *Holmes*, 194 Mass. 552. *Clark* v. *Fay*, 205 Mass. 228.

The decree of the Probate Court having been in conformity with what has been said, it is affirmed with costs on the fund to be taxed as between solicitor and client in the discretion of that court.

*Ordered accordingly.*