FRANK H. BROWN & another, executors, *vs.* ALICE H.
TUCKERMAN & others.

Worcester.    March 17, 1927. — July 11, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy,* Construction against intestacy.  *Evidence.* Presump-
tions and burden of proof.

Unless required by facts shown by the record, a testator will not be found
to have intended to dispose of only a part of his estate: partial intestacy
is not favored by the law.

A father by his will left property in trust for the benefit of his two daughters
with provisions which, as interpreted by this court after the death of
both daughters had occurred, vested interests in remainder so that, at
the death of one daughter before the other, her interest passed to her
sister as her next of kin.   The surviving daughter, before such distribu-
tion, made a will and several codicils giving legacies to certain individ-
uals who were her next of kin and directed a letter to one of them;
from the language of the testamentary document and of the letter an
inference might be justified that she supposed the entire property left
in trust for her sister's benefit by her father's will would pass by force of,
and be paid by the trustee under, the will of the father directly to cousins
named therein so that it would not come within the provisions of her
will.   Upon a petition for instructions by the executor of her will, the
cousins sought, on the evidence above described, to have the executor
instructed to distribute as intestate property the property that passed
to the surviving daughter from the estate of her father on the ground
that there was no intention on her part to have her will operate with
respect thereto.   Upon an appeal from a decree of the Probate Court
instructing the executor to distribute the property in accordance with
the provisions of the daughter's will, but making no finding as to the
daughter's intent in her will, it was *held,* that, even if the grounds of the
contentions of the cousins were sound in law, which was not determined,
they had failed to establish the facts upon which they were based since
their conclusion as to the supposition of the testatrix with respect to
the intent shown by her father's will was not necessary as a matter of
law, and it did not appear that she would have made a different dispo-
sition had she known that such supposition was contrary to fact; and
the decree of the Probate Court was affirmed.

PETITION, filed in the Probate Court for the county of
Worcester on October 14, 1924, and afterwards amended,
by the executor of the will of Rosa H. Brown, late of Fitch-
burg, for instructions.

The petition was heard by *F. H. Chamberlain*, J., upon the evidence stated in the opinion. There was no definite finding by the judge as to his having drawn any inference from the evidence before him. By his order, the final decree described in the opinion was entered. Alice H. Tuckerman, Lucy B. Heywood, and Edith A. Cushing, executrix of the will of Nellie A. Cushing, appealed.

The case was submitted on briefs.

*F. H. Cummings*, for Alice H. Tuckerman and another.

*P. M. Foss & V. P. Clarke*, for Edith A. Cushing, executrix.

*A. K. Reading*, Attorney General.

WAIT, J. It was decided in *Brown* v. *Tuckerman*, 255 Mass. 347, that the one half interest in trusts created by the will of Walter Heywood belonging to his daughter Nellie H. Corey, upon her death intestate and without issue on September 17, 1877, passed to her surviving sister, Rosa H. Brown; and, after the death of the latter, August 23, 1923, was to be paid over by the trustee under the will of Walter Heywood to the executors of her will.

These executors now ask to be instructed whether the property received under the provisions of the trusts of the will of Walter Heywood can properly be regarded as forming part of the residue of the estate of Rosa H. Brown and as passing to the persons and in the proportions provided by her will therefor; and to whom and in what proportions the property received by Mrs. Brown as heir of Nellie H. Corey under said provisions shall be distributed, or whether it passes by intestacy.

The cause is before us upon an appeal by the heirs at law of Mrs. Brown from a decree of the Probate Court, which instructed the executors that the property is not intestate, but is to be treated as forming part of the residue of Mrs. Brown's estate to be distributed in accord with the residuary clause of her will.

Rosa H. Brown executed her last will on February 16, 1912, and in 1913, 1916, 1917 and 1918, made codicils which were admitted to probate with the will on September 18, 1923. Her heirs at law were three first cousins — Mrs. Tuckerman and Miss Lucy B. Heywood, on her father's side,

and Mrs. Cushing, on her mother's side. As such heirs they were entitled under the will of Walter Heywood, after the death of Mrs. Brown, to the share given by that will to Mrs. Brown for her life, that is, they had a vested remainder therein. *Brown* v. *Tuckerman, supra.* It is their contention that Mrs. Brown understood that this remainder belonging to them included not only the share given to Mrs. Brown by the will of her father, but also included whatever came to Mrs. Brown from the trust property as heir of her sister, Mrs. Corey; and that, in consequence of this belief and in ignorance that what had once been Mrs. Corey's was now absolutely her own, Mrs. Brown made testamentary disposition of what she regarded as her property which otherwise she would not have made, and made no disposition whatever of what, unknown to her, she had inherited from her sister.

It is unnecessary to decide whether these contentions are sound in law until we know whether they are sound in fact. The burden of establishing the facts is upon the claimants. The only evidence submitted to the judge of probate was the pleadings, the will and codicils, and a letter addressed to Miss Heywood dictated by Mrs. Brown on or about October 8, 1921, and by her order delivered to Miss Heywood after Mrs. Brown's death.

The pleadings recite relationships and assert claims. Nothing in them establishes the limits of Mrs. Brown's knowledge or belief in regard to this property. The fact appears that the question of what rights she had in the property held under the trusts of the father's will, was not presented for judicial determination until after her death; but it nowhere appears that she was ignorant that such a question existed, or was without opinions of her own in regard to the answer. Statements in the will and one of the codicils are not conclusive. The will, by its tenth and eleventh items, gave forty shares of a certain stock each to Mrs. Tuckerman and Miss Heywood. The first codicil cut down these gifts to twenty-five shares each, and stated "as they will now benefit largely under the terms of my father's will," seemingly as a reason. Item twelve of the

will made a gift to Mrs. Tuckerman and Miss Heywood, and recited "These bequests are made in recognition of the expressed wish of my father that I should remember them." After item twenty-two, the will reads: "The own cousins will receive at my decease quite an amount of my father's estate so I prefer to remember those who will not share in that." This may have been inserted to explain why, when she was giving to many more distant relatives, she gave to her closest kin, her first cousins, nothing at all to Mrs. Cushing, and comparatively slight gifts to Mrs. Tuckerman and Miss Heywood, with the recital that she gave because of her father's wish. Nothing in all this shows clearly that she did not know that these first cousins had no right in the interest once Mrs. Corey's. Still less does it show that she would have made other provisions had she believed their rights limited as found by this court; or that she intended to have anything undisposed of which in any way was subject to testamentary disposition by her.

The letter was inadmissible in evidence had objection been made, *Whitman* v. *Whitney,* 225 Mass. 213; *S. C.* 228 Mass. 18; but, having been admitted without objection, it is to be weighed with the other evidence. Written more than nine years after the will and eight years after the codicil which interested Miss Heywood, it explains the reason and purpose of the gifts to her and to Mrs. Tuckerman. It ends: "I might have given you more by my will had I not known the property left in trust by father's will would at my death go to my nearest relatives. At this time there being only three first Cousins. You and Lillie [Mrs. Tuckerman] and Nellie Cushing on my mother's side." Although this justifies an inference that she supposed the entire property left in trust by her father's will would pass by force of that will to the cousins named, it does not require that conclusion. It does not state that she would have given more or differently had she known that only half that entire property would so pass to them.

Neither pleadings, wills, codicil, or letters, nor all of them taken together, compels, as matter of law, a finding that she was ignorant of the true status of the property; that she

understood that what was to pass to her cousins included all the property held by the trustees of her father's will for Mrs. Corey and herself; that she made her will intending that it should not dispose of any interest belonging to her which she could dispose of, or believing that it did not dispose of anything once subject to the trusts of the father's will.

The decree of the Probate Court can be upheld on the ground that the appellants had failed to establish the facts which form the foundation for their contention.

Nothing appears on the face of the will and codicils to indicate that Mrs. Brown held property which the will was not intended to dispose of. Had Mrs. Corey died after the will and codicils were executed, without question the interest received as a result of the death would have fallen into the residue.. Compare G. L. c. 191, § 19. *Hill* v. *Bacon,* 106 Mass. 578. *Thayer* v. *Wellington,* 9 Allen, 283, 295. It would have been immaterial that the testatrix died ignorant that the property had come to her. *Lindsay* v. *Wilson,* 103 Md. 252. No distinction is to be made between ignorance of the existence of property and ignorance of details in the nature of the title to known property, unless the will shows that such ignorance has affected the disposition made.

Partial intestacy is not favored by the law. *Taft* v. *Stearns,* 234 Mass. 273, 277. There is a presumption that the testator intends to dispose of all that he has. *Bushby* v. *Newhall,* 212 Mass. 432, 433. The case is controlled by the decision in *Whitman* v. *Whitney,* 228 Mass. 18, 23, which held that a mistaken belief that the testatrix did not own an interest in a trust fund could not be shown to render the property intestate and to affect the validity of residuary bequests.

It follows that the decree was right. It is affirmed with costs to be taxed as between solicitor and client in the discretion of the Probate Court.

*So ordered.*