HELEN G. COPP *vs.* WORCESTER COUNTY NATIONAL BANK, trustee, & others.

Worcester.    May 6, 1964. — June 2, 1964.

Present: WILKINS, C.J., CUTTER, KIRK, & SPIEGEL, JJ.

*Trust,* Use of principal, Remainder, Trustee's discretion.

In a will establishing a trust of which the testator's widow was the income beneficiary for life, a certain provision was held to authorize the trustee to expend from principal for the widow's support such sum or sums, not exceeding $500 in any one payment, as the trustee by proper exercise of discretion in the light of all relevant circumstances determined were required for that purpose.    [550–551]

A court of equity may control a trustee in the exercise of a fiduciary discretion if the trustee acts beyond the bounds of a reasonable judgment, or unreasonably disregards usual fiduciary principles or the purposes of the trust, or fails to observe standards of judgment apparent from the trust instrument.    [551]

Under a testamentary trust providing that upon the death of the testator's widow the trustee should pay the income to his two children in equal shares until they reached the age of thirty years, that when either of the children reached that age the trustee should transfer to him one-half of the principal, and that "If either of . . . [the testator's] children die leaving issue," his share of the trust should continue for the benefit of the testator's grandchildren, the last provision would apply in the event of the death of a child of the testator leaving issue at any time prior to reaching age thirty, or in the event of his death leaving issue while the testator's widow was alive even though he then had attained age thirty; and, upon attaining that age, a child of the testator obtained a vested equitable remainder interest in the trust property subject to be divested in the event of his death before his mother leaving issue living at his death.    [551–552]

PETITION filed in the Probate Court for the county of Worcester on November 15, 1962.

The case was heard by *Wahlstrom, J.*

*Donald K. McInnes (John R. Hally* with him) for The Union Bank of Los Angeles.

No argument or brief for the petitioner.

CUTTER, J. This is a petition for declaratory relief by Helen G. Copp, widow of Ernest G. Copp (the testator), who died April 27, 1960, leaving a will executed September 2, 1924. The petition concerns a trust, of which Worcester County National Bank is trustee, created by cl. 1 of the will.

The first paragraph of cl. 1 gave all the testator's property in trust "to pay the income . . . to my wife, Helen G. Copp, during her life, provided she does not remarry." Then followed the second and third paragraphs of cl. 1: "[2nd par.] I . . . authorize my . . . trustee . . . to spend from the principal . . . such sum or sums, not to exceed [f]ive [h]undred . . . [d]ollars, as may be necessary or desirable for the proper support and maintenance of my . . . wife, if the income . . . is not sufficient to accomplish the aforesaid purpose. [3d par.] Upon the death of my . . . wife or upon her remarriage, I direct my trustee to pay the income . . . to my children, Gilbert E. Copp and Gordon M. Copp in equal shares until they shall reach . . . thirty . . . . When either of said children shall attain the age of thirty . . . I direct my said trustee to transfer . . . to him one-half of the principal . . . ."[1]

The trust concerns the sum of $15,000. Each son of the testator is now over thirty. The remainder beneficial interest of Gordon Copp under the third paragraph of cl. 1 has been awarded, in a separate suit in equity, to his creditor, the Union Bank of Los Angeles (the Los Angeles bank).

No evidence was introduced, but the probate judge comments that "different situations were offered in argument by counsel." The judge stated the foregoing facts in his report of material facts, in which he also ruled that the sum of $500 mentioned in paragraph 2 is not either "a lifetime or [an] annual limit." He concluded that "the purpose of the testator was to benefit his wife," who was "his princi-

---

[1] The fourth paragraph of cl. 1 reads, "If either of my said children die before reaching . . . thirty . . . leaving no issue, the trust shall continue for the benefit of the survivor. If either of my said children die leaving issue, I desire that his share of said trust continue for the benefit of my grandchildren until they reach . . . twenty-one at which time their respective share in the trust fund shall be transferred . . . free of all trusts."

pal interest.'' A decree was entered directing the trustee to pay to the widow as life beneficiary ''sums not exceeding five hundred dollars each, said payments to be made at any given time when it is found to be necessary or desirable for the proper support . . . of the life . . . [beneficiary, the widow] when the income from . . . [the] trust is not sufficient to accomplish the purposes of the trust.'' The Los Angeles bank appealed.

1. Paragraph 2 of cl. 1 is ambiguous. We think, as did the probate judge, that the principal interest of the testator in leaving this trust, now $15,000, was the care of his widow.[2] A power to expend principal was a prudent provision to accomplish this purpose and must be interpreted in a manner consistent with that purpose. We conclude that the testator did not intend to limit the possible expenditure of principal to aggregate payments of $500 during the widow's entire life, for total payments of $500 would be likely to be inadequate to meet her needs. Such a limitation might thus defeat accomplishment of the testator's primary objective. In the testamentary language, we perceive no basis for limiting the payments to annual aggregate payments not exceeding $500. The words, ''such sum or sums,'' contemplate the possibility of more than one payment. In the absence of more explicit language of limitation, we agree with the probate judge that the trustee is authorized to expend from principal such sum or sums, not exceeding $500 in any one payment, for the support or maintenance of the widow at any time or times when the trustee determines in good faith and reasonably that the income is not sufficient and that the widow's circumstances are such as to require such a payment for her reasonable support and maintenance. In the exercise of this power, the trustee is to take into account all the relevant circumstances known to it, including the sufficiency or insufficiency of the trust income, the size

---

[2] The record contains meager information about the family circumstances. A guardian ad litem's report states that the testator's widow ''is in very straitened circumstances.'' Since both the testator's children were mentioned by name in the will executed in 1924, we assume that the widow was then at least twenty years old, so that now she is probably over sixty.

of the trust estate, the probable diminution of future trust income as a consequence of each such expenditure of principal, the extent of the widow's then existing need, her probable future needs, her state of health, and her then existing and potential resources.

The power which is given to the trustee is not unrestricted, for a court of equity may control a trustee in the exercise of a fiduciary discretion if it acts beyond the bounds of a reasonable judgment or unreasonably disregards usual fiduciary principles, or the purposes of the trust, or if it fails to observe standards of judgment apparent from the applicable instrument. See Scott, Trusts (2d ed.) § 187.2. See also §§ 187–187.1. See also *Edelstein* v. *Old Colony Trust Co.* 336 Mass. 659, 663. Cf. *Dumaine* v. *Dumaine,* 301 Mass. 214, 223–224. This power, accordingly, is to be exercised after serious and responsible consideration, prudently, and in accordance with fiduciary standards.

The Los Angeles bank contends that other provisions of the will show that the testator had a generally conservative and restrictive attitude in respect of the administration of the trust, as, for example, in the matter of investments. The brief provisions of the will to which the bank refers are not so clear, so relevant, or so unusual as to afford substantial assistance in interpreting the dispositive provisions of this instrument.

2. The Los Angeles bank in its answer requests a declaration of the meaning of the will's provisions for the distribution of the trust corpus upon the widow's death. The probate judge made no such declaration. It is far from clear to what extent the fourth paragraph of cl. 1 (see fn. 1) affects this distribution. The testator indicates by the fourth paragraph some desire to have the trust fund, in certain events, continue in his direct line for the benefit of his grandchildren. The will contains no spendthrift clause. We conclude from the imprecise language that Gordon Copp, upon attaining the age of thirty, obtained a vested equitable remainder interest in the trust property (see *Porter* v. *Molloy,* 254 Mass. 398, 399), subject, however, to

be divested in the event of his death before his mother leaving issue living at his death.

The sentence (fn. 1) beginning,. "If either of my said children die leaving issue, I desire that his share of said trust continue," is not in terms limited to Gordon's death after his mother but before attaining the age of.thirty. We construe it as intended to apply in the event of his death leaving issue at any time prior to reaching age thirty, or, in the event of his death leaving issue while the widow is still alive, whether before or after attaining age thirty. See Restatement: Property, § 269, comment i. We need not now consider what disposition of Gordon Copp's equitable remainder interest will be made if before the death of the testator's widow he dies leaving issue all of whom die before the testator's widow, or in the event of other contingencies not discussed above.

3. The decree of the Probate Court is to be modified to add a declaration that Gordon Copp now has a vested equitable remainder interest in the trust corpus, subject to the interest of the testator's widow and subject also to being divested by his death leaving issue prior to the death of the testator's widow. As so modified the decree is affirmed. The Los Angeles bank is to pay its own costs and expenses in this court and in the Probate Court.

*So ordered.*