PHILLIP J. NEXON, trustee, *vs.* BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, & others.

Suffolk.    April 19, 1977. — July 8, 1977.

Present: KEVILLE, ARMSTRONG, & BROWN, JJ.

*Trust,* Trustee's discretion.

A provision in a testamentary trust giving the trustees discretion to invade principal for the beneficiary's "support, maintenance and greatest comfort and happiness" did not empower the trustees to distribute the entire principal to the beneficiary as assurance that the entire remainder of the trust would be available for the support of the beneficiary's husband should he survive her. [494-496]

CIVIL ACTION commenced in the Probate Court for the county of Suffolk on May 25, 1976.

The case was heard by *Yasi,* J.

*Phillip J. Nexon,* trustee, pro se.

*Alan L. Lewis* for Nettie Zides.

*A. Bentley Kurtis* for Bessie Kurtis & others.

*Mary Joann Reedy,* Assistant Attorney General, for the Attorney General.

*John E. Rogerson & Jeffrey W. Lemkin* for Boston Safe Deposit and Trust Company, trustee.

KEVILLE, J.    This complaint for instructions was brought in a Probate Court by Phillip J. Nexon, surviving trustee of a trust under article III of the will of Phillip B. Bayes. The trustee, in support of the wishes of Nettie Zides, the life beneficiary and sister of the testator, seeks an instruction that he is empowered to distribute the entire principal of the trust to Nettie as assurance that the entire remainder of the trust will be available for the support of Nettie's husband, Abraham, should he survive her. The trustee represents that such assurance would give Nettie "greatest comfort and happiness," a phrase which he draws from the testator's directive with respect to the discretionary authority to invade principal for Nettie's benefit given to the trustee under article III. The probate judge ruled that the trustee was not empowered to pay the principal of the trust to Nettie for the benefit of Abraham in order to bring her "greatest comfort and happiness." We agree. Under the familiar rule, we turn to a consideration of the will as a whole to ascertain the testator's intent. *Mazzola* v. *Myers,* 363 Mass. 625, 634 (1973). *Putnam* v. *Putnam,* 366 Mass. 261, 266 (1974).

Article III provides that the net income of the trust shall be paid monthly, or more often as the trustees may determine, to Nettie during her lifetime. In addition, the trustees are directed to pay to Nettie at the end of each year the amount, if any, by which $5,200 exceeds amounts paid to her during the year. They are also authorized to pay her during her lifetime, "at any time and from time to time, and for any purpose, any part or the whole of the then principal of the Trust . . . as they, in their sole discretion, shall determine *to be necessary or advisable for her support, maintenance and greatest comfort and happiness*" (emphasis supplied). The testator then expressed his intention that the trustee's discretion be exercised "generously,"

with an eye to "increases from time to time in the cost of living." However, he included an additional directive, largely discounted in the arguments of Nettie and the trustee, that "payments of principal to said Nettie Zides [be made] *solely with regard to her interests and needs, and without any regard whatever to the prospective interests of those hereafter named as remaindermen"* (emphasis supplied). Article III goes on to provide that Abraham shall, if he survives Nettie, receive the lesser of $10,000 or one-half the remainder. At the time this complaint was brought Nettie was sixty-seven years of age and in ill health and Abraham sixty-six years of age and in relatively good health.

In our view the language employed by the testator in article III makes clear what he had in mind for both Nettie and Abraham. It becomes apparent that although the testator wished to have his trustees accommodate Nettie's needs generously with a view toward changing economic conditions, their discretion was not to be untrammeled, and that the phrase "[her] greatest comfort and happiness" was not to be considered out of context but in conjunction with the preceding reference to her maintenance and support. There is no mention of the maintenance, support or needs of Abraham and the testator was explicit in his direction that the trustees' discretion was to be exercised solely in Nettie's favor and without regard to the prospective needs of the remaindermen, first among whom was Abraham, for whom the testator made provision by way of a contingent remainder.

The language of article III describes a broad area within which the trustees may exercise their discretion to invade principal for Nettie's benefit. Within that area we are not to substitute our judgment for that of the trustee. See *Atwood* v. *First Natl. Bank,* 366 Mass. 519, 523 (1974). We interpose our judgment only to prevent an abuse of discretion. *Dumaine* v. *Dumaine,* 301 Mass. 214, 222 (1938). *Sylvester* v. *Newton,* 321 Mass. 416, 421-422 (1947). Scott, Trusts § 128.7, at 1033-1034 (3d ed. 1967). It is the duty of the trustee to confine the expenditures of principal to

Nettie's interests and needs as they arise during her lifetime, and it would be a violation of that obligation and an abuse of discretion were he to accede to her wish to pay out the principal of the trust to her for the ultimate benefit of Abraham even if that would result in her greatest comfort and happiness.

*Judgment affirmed.*