Fabricant, J.
This action presents the plaintiffs effort to compel the MBTA police department to reinstate his employment a year after he resigned. Presently before the Court is the defendants’ motion for summary judgment. After hearing and after review of all materials submitted, the Court concludes that defendants’ motion must be allowed, for the following reasons.
BACKGROUND
The record before the Court establishes the following facts as undisputed.[2] The plaintiff was an MBTA police officer from February 13,1989, until September 2, 2001. On that date, he submitted a letter of resignation, which MBTA police chief Thomas O’Loughlin accepted and processed through the Department of Personnel Adminsitration. At the time of his resignation, the plaintiff had attained the rank of sergeant. During his employment with the MBTA police the plaintiff experienced a number of stressful situations, some of which involved working conditions and work-related events, and some of which involved conflicts between work and family responsibilities.
On September 13, 2001, just over a year after his resignation, the plaintiffs attorney wrote to Chief O’Loughlin requesting that the plaintiff be allowed to withdraw his letter of resignation and return to his position. Chief O’Loughlin did not grant that request, responding that if the plaintiff were to appear on the civil service list, he would be “given every consideration as a candidate for appointment to the MBTA police department.”
In accepting the plaintiffs resignation, and declining the plaintiffs request for reinstatement, Chief O’Loughlin acted pursuant to the employment agreement he had entered into with the MBTA board of directors, dated September 19, 1997. That agreement conferred on him the duty to “determine the method, means and personnel by which police operations are to be conducted,” including “the appointment, promotion, assignment, reassignment, supervision, direction and discipline of all departmental personnel.”
The plaintiff filed this action on October 15, 2001. His complaint alleges that at the time he submitted his letter of resignation he was “in a state of depression,” that fellow officers believed that he “was not himself,” and that the letter of resignation “was not the product of a knowing and willful intention to resign said position and was therefore involuntary.” On that basis, he alleges that the resignation must be declared “null and void and of no legal effect,” and that he “is entitled to be returned to his position.” In addition, the complaint alleges that the resignation never became *64 effective because the MBTA police chief lacked authority to accept it, since G.L.c. 161A, §3, vests sole authority for personnel matters in the MBTA’s board of directors. Based on these allegations, the complaint seeks a declaration that the plaintiffs resignation lettter was “not. a valid or lawful resignation," along with an order “[t]hat the plaintiff be returned to his position.”
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact and where the record entitles the moving party to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of establishing that there is no issue of material fact on every relevant issue. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a genuine dispute of material fact for trial either by submitting affirmative evidence negating an essential element of the non-moving party's case, or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Once the moving party establishes the absence of a triable issue by either of these methods, the party opposing the motion must respond with evidence of specific facts establishing the existence of a genuine dispute. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The opposing party may not rest on the allegations of her pleadings, nor may she rely on “bare assertions and conclusions regarding [her own] understandings, beliefs, and assumptions.” Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 728 (1989). Mere contradictions of factual allegations, without evidentiary support, are insufficient to raise questions of material fact sufficient to defeat a summary judgment motion. Madsen v. Erwin, 395 Mass. 715, 721 (1985), quoting Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3rd Cir. 1972) (noting that conclusory statements, denials, and allegations are insufficient to raise material issues of fact). His obligation, rather, is to demonstrate the existence of admissible evidence sufficient to meet his burden of proof on the issues raised by the motion.
In deciding motions for summary judgment, the Court may consider pleadings, depositions, answers to interrogatories, admissions on file and affidavits. The Court reviews the evidence in the light most favorable to the non-moving party, but does not weigh evidence, assess credibility or find facts. See Dawes, 369 Mass. at 553; Mass.R.Civ.P. 56(c); Colley v. Benson, Young & Downs Insurance Agency, Inc., 42 Mass.App.Ct. 527, 528; see also Kelley v. Rossi, 395 Mass. 659, 663 (1985). In cases “where notice, intent, or state of mind questions are at issue” summary judgment is often, but not always, inappropriate. See Brunner v. Stone & Webster Engineering Corp., 413 Mass. 698, 705 (1992) (further citations omitted).
The plaintiffs contention regarding the authority of the police chief to accept his resignation requires little discussion. The MBTA board of directors has the power to delegate its statutory authority over personnel matters. SeeAppley v. Locke, 396 Mass. 540, 548 (1986). The board exercised that power, insofar as pertinent to this case, by entering into the employment agreement with Chief O’Loughlin. That agreement, by its plain terms, empowered O’Loughlin to take the actions in issue here, in the exercise of the board’s statutory powers by delegation.
More problematic is the plaintiffs contention that his resignation was void because it was “involuntary,” in that it was “not the product of a knowing and willful intention to resign.” The problem arises from the plaintiffs failure to identify any legal basis for such a claim. He does not invoke any statute, contract, common law theory, or other source of his claimed right to reinstatement under such circumstances.[3] Having failed to invoke any such legal theory, the plaintiff cannot, and does not, identify any standard by which his assertion of involuntariness should be tested.
The defendants suggest that, if a cause of action exists at all, it would require the plaintiff to prove that he was insane. They derive that standard from cases recognizing a defense to contract enforcement on the ground that a party was incompetent to enter into the contract due to insanity. See Lewis v. Russell, 304 Mass. 41, 43 (1939). The analogy is not entirely apt; the plaintiff here is not attempting to avoid contractual obligations, but is rather asserting a right to affirmative relief.
The plaintiff resists the defendants’ suggested standard, but offers no alternative, nor any foundation from which a standard might arise. He accepts, however, that his theory would require a showing of some degree of mental incapacitation. He fails, however, to offer admissible evidence through which he would make even that showing.
A letter from the plaintiffs psychologist expresses the view that he acted “in a state of chronic fatigue and overwhelming stress” and “complete exhaustion,” due to working a night shift, a long commute, and family conflicts. The psychologist does not identify any psychiatric diagnosis, nor does she suggest that the plaintiff was unable to comprehend the meaning and consequences of his resignation, or that he lacked the ability to control his actions. The plaintiff s own affidavit recites essentially the same factors, placing particular emphasis on conflicts between his work and his family life, and asserts that he was “depressed” and “not acting rationally.”[4] He concludes that “I was so *65 depressed that I did not comprehend the significance of my actions in resigning my position.” He does not explain what he means by “the significance of’ his resignation; in particular, he does not suggest that he did not, or could not, understand the nature, meaning, or consequences of his resignation letter, or that he lacked an ability to control his actions. The plaintiffs and his psychologist’s assertions demonstrate stress, to be sure, but fall short of showing incapacity.
The plaintiff argues that “it is beyond belief that a married man with three children would knowingly and voluntarily throw away twelve years of honorable police service.”[5] On this basis, he suggests that the resignation itself proves his lack of capacity, since no person in his right mind would resign such a desirable position. This argument, if accepted, would effectively bar any police departmentand many other employers as wellirom ever accepting a resignation. The Court can take judicial notice that perfectly sane people, possessed of full mental capacity, resign desirable jobs for a wide variety of reasons, not least among which is a perceived need to resolve a conflict between work and family responsibilities.
The Court concludes that, even if a showing of mental incapacity would support a cause of action, the plaintiff has failed to demonstrate that he could make such a showing. Accordingly, the defendants are entitled to judgment as a matter of law. Since the complaint asserts a claim for declaratory judgment, the Court must declare the rights of the parties. Accordingly. judgment will enter declaring that the plaintiff is not entitled to reinstatement to his position with the MBTA police.
CONCLUSION AND ORDER
For the reasons stated, the Defendants’ Motion for Summary Judgment is ALLOWED. It is hereby ordered that JUDGMENT enter as follows:
The Court declares that the plaintiff, John Shannon, is not entitled to be reinstated to employment with the MBTA police department.

By his failure to controvert the facts set forth in the defendants’ statement pursuant to Superior Court Rule 9A(b)(5) in the manner prescribed by that rule, the plaintiff has admitted those facts. Nevertheless, in the exercise of discretion, the Court has reviewed the plaintiffs affidavit filed in support of his opposition to the motion for summary judgment. As will be explained, the Court concludes that the affidavit does not establish a genuine dispute of material fact.

If such a right exists, its most likely source would appear to be the civil service law, G.L.c. 31, §1 et seq. An employer’s acceptance of an “involuntary” resignation from a civil service employee could, perhaps, be characterized as a discharge, in violation of the employee’s right not to be discharged without just cause, pursuant to G.L.c. 31, §41. Such a violation would not give rise to a cause of action cognizable in this Court, but would trigger a right to bring a complaint in the Civil Service Commission, pursuant to G.L.c. 31, §42, within ten days.

Having offered no showing of psychiatric expertise, the plaintiff would not be permitted to testify to any psychiatric diagnosis. The Court construes his use of these terms in a colloquial, rather than a clinical sense.

The plaintiffs affidavit states that he has one child.