Kenton-Walker, Janet, J.

INTRODUCTION

This action arises from certain transactions involving the Arthur Ansbigian Trust (“the trust”), which George Harootian (“Harootian”) alleges deprived him of trust principal to which he was entitled as a remainder beneficiary. Before the court are the parties’ Motions for Summary Judgment. For the reasons that follow, Harootian’s motion will be denied and Michael Douvadjian’s (“Douvadjian”) motion will be allowed.

BACKGROUND

The following facts are taken from the summary judgment record and the parties’ respective Statements of Fact submitted pursuant to Superior Court Rule 9A(b)(5).[2] Unless otherwise noted, such facts are undisputed. Because some issues in this litigation have already been resolved after a jury trial, the court will confine its recitation of the facts to those relevant to the remaining issues addressed in the pending Motions for Summary Judgment. For a more comprehensive account of the facts at issue in this litigation, see this court’s Memorandum of Decision and Order on Cross Motions for Summary Judgment, Civil Action 05-15 10 (Docket #23) (McCann, J.) [24 Mass. L. Rptr. 407].
On July 19, 2001, Arthur Ansbigian (“Arthur”) settled the trust naming himself and his wife, Beatrice Ansbigian (“Beatrice”) as co-trustees, naming Beatrice as a lifetime beneficiary, and naming Harootian as a remainder beneficiary. The trust provided, in pertinent part:
NINTH Upon the death of [Arthur], with [Beatrice] surviving, then the Trustees shall have the power to invade and pay or apply the principal... for the support in reasonable comfort and maintenance of [Beatrice] . . . PROVIDED, HOWEVER, that any power given to the Trustees under this CLAUSE NINTH shall be exercised in the sole discretion of the Trustees.
Arthur died on February 28, 2003, making Beatrice the sole trustee and lifetime beneficiary of the trust. During the ensuing two years, Beatrice spent the trust principal on her personal expenses. Upon her death on January 19, 2005, Beatrice had substantially depleted the principal in the trust, thus diminishing Harootian’s remainder interest.
Harootian’s remaining claims, the subject of the pending Motions for Summary Judgment, are based on three transactions that involved the expenditure of trust principal. First, Beatrice spent $58,648 of trust principal to pay taxes assessed against the trust and Beatrice personally. Second, Beatrice paid Douvadjian $7,940 as compensation for various services he provided to her in the final months of her life. These services included arranging payments of Beatrice’s personal expenses, running errands on her behalf, and coordinating her medical care.
Finally, Beatrice, in her capacity as trustee, borrowed $150,000 on behalf of the trust. Beatrice did this to avoid having to sell real estate owned by the trust at a point where its liquid assets were running low. The trust borrowed the money from Beatrice in her personal capacity. When the trust received a refund check from the Willows assisted living center,[3] in the amount of $153,450, those funds were deposited into Beatrice’s personal accounts as repayment of the $150,000 loan.
Harootian contends that each of these transactions violated the terms of the trust, breached fiduciary duties owed to him as a remainder beneficiary, and constituted conversion of property in which he had an interest.

DISCUSSION

The familiar standard governing motions for summary judgment provides that summary judgment shall be granted forthwith where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c): Cassesso v. Comm’r of Corr., 390 Mass. 419, 423 (1983). In assessing the record on a motion for summary judgment, all reasonable inferences are drawn in favor of the nonmoving party. Terra Nova v. Fray- *2 Witzer, 449 Mass. 406, 411 (2007). “Theinterpretation of a written trust is a matter of law to be resolved by the court.” Redstone v. O’Connor, 70 Mass.App.Ct. 493, 499 (2007).
Where, as here, the terms of a written trust confer broad discretion on the trustee to achieve the trust’s purpose, the courts do not substitute their judgment for that of the trustee. Nexon v. Boston Safe Deposit & Trust Co., 5 Mass.App.Ct. 493, 495-96 (1977). Instead, courts “interpose [their] judgment only to prevent an abuse of discretion.” Id. at 495, and authorities cited. Abuse of discretion occurs where a trustee “acts beyond the bounds of a reasonable judgment or unreasonably disregards usual fiduciary principles, or the purposes of the trust, or if [she] fails to observe standards of judgment apparent from the applicable instrument.” Copp v. Worcester County Nat’l Bank, 347 Mass. 548, 551 (1964).
Harootian suggests that Beatrice, as trustee, abused her discretion by consuming trust assets for her own benefit. Instead, Harootian contends, Beatrice should have used more of her own personal assets for personal expenses in order to preserve the trust assets for him. Beatrice had no such obligation.
“[W]here a trustee’s discretion ... is qualified by such words as ‘[when] in need’ or ‘if necessary,’ ” the trustee is obligated to consider a beneficiary’s personal assets when exercising their discretion to invade trust principal to provide support payments." Holyoke Nat’l Bank v. Wilson, 350 Mass. 223, 228 (1966), and cases cited. However, where those qualifying words are not included in a trust instrument, the general rule is that a trustee need not consider a beneficiary’s personal assets in exercising discretion to invade principal to make support payments. See id.
Here, clause nine did not limit expenditures of principal to only “necessary" payments. Accordingly, Beatrice’s wide discretion as trustee permitted her to use trust principal to pay for tax liability and for Douvadjian’s services, irrespective of any other assets to which she had access. Compare Burnett v. Williams, 323 Mass. 517, 522-23 (1948) (where trust expressed unqualified intention to provide support, beneficiary’s personal assets were not properly considered by trustee); contrast Corkery v. Dorsey, 223 Mass. 97, 102-03 (1916) (where trust language allowed disbursements where beneficiary was “in need of aid,” trustee obligated to consider beneficiary’s personal assets in making payments). Beatrice’s exercise of discretion to use trust principal to satisfy her tax liabilities and to pay Douvadjian to assist her in day to day living is reasonably consistent with the instructions of the trust to invade principal to support Beatrice in reasonable comfort and maintenance.
Beatrice’s loan to the trust presents a closer question. The trust’s express terms do not authorize Beatrice, in her capacity as trustee, to borrow money on behalf of the trust. However, “[a] trustee has the power to incur expenses which are authorized by the terms of the trust and those which are necessary or appropriate to carry out the purposes of the trust and to perform [her] duties as trustee.” 14C Howard J. Alperin & Laurence D. Shubow, Massachusetts Practice, §21.92 at 437 (1996 ed. & 2007-2008 supp.). Here, Beatrice’s loan, made for the purposes of capitalizing the trust to avoid the need to sell real estate that it owned, was appropriate to carry out the trust’s purpose to provide for her comfort and maintenance.
Moreover, the power to dispose of trust assets includes by implication the power to borrow against or mortgage those assets. See King v. Stowell, 211 Mass. 246, 250 (1912); Kent v. Morrisson, 153 Mass. 137, 140 (1891). Thus, Beatrice permitted to expend trust principal to provide for her comfort and maintenance, was implicitly authorized to borrow money against that principal for the same purpose.[4]

CONCLUSION AND ORDER

For the foregoing reasons, Harootian’s Motion for Summary Judgment is, in all respects, DENIED. Douvadjian’s Motion for Summary Judgment is, in all respects, ALLOWED.

 The parties have not complied with the strictures of Rule 9A(b)(5), a problem that recurs with discouraging frequency in the Superior Court. Here, Harootian did not cite to portions of the summary judgment record in support of many of his responses to Douvadjian’s statements of material fact. Furthermore, Harootian has interspersed his statements of fact with conclusory legal arguments and irrelevant statements of opinion. Consequently, the court has discretion to deem all material facts asserted by Douvadjian admitted. Nevertheless, the court has reviewed the summary judgment record for evidence that would create a genuine dispute of material fact. See, e.g., Shannon v. Wallace, Civil Action No. 01-4708, 2002 WL 1856081 *1 n.2 (Mass.Super.Ct. Aug. 5, 2002) (Fabricant, J.) [15 Mass. L. Rptr. 63). The court does not, however, credit bare asseverations, legal arguments, or statements of opinion in reviewing the summary judgment evidence. See Canale v. Gen. Motors Corp., Civil Action No. 05-3886, 2007 WL 867046 *1 (Mass.Super.Ct. Feb. 28, 2007) (Henry, J.).

 Beatrice lived in the Willows assisted living center to receive better access to nursing care. She initially paid $165,000 to the Willows assisted living center to pay for an extended stay, but received a refund of $153,450 as a credit for unused time there.

 Harootian does not argue that this loan constituted self-dealing by Beatrice in her capacity as trustee. Accordingly, the court need not address that issue. Nevertheless, the court notes that, even if Harootian had made that argument, he has not shown, with any specificity, how Beatrice’s loan to the trust harmed him.